T.C. Memo. 2005-25

UNITED STATES TAX COURT

RICHARD AND MABEL KELBY, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13268-03L.                    Filed February 16, 2005.

P appealed a sec. 6330,[1] I.R.C., determination
from R's Appeals Office.  R filed a motion for remand
to Appeals and a motion for continuance of trial.  The
Court granted both of R's motions and retained
jurisdiction over the case.  P objected to the
retention of jurisdiction by the Court and requested
that the Notice of Determination be vacated.

Held:  The Court may retain jurisdiction over the
case while on remand.

Held, <u>further</u>, we shall not invalidate the Notice
of Determination.

<u>William E. Taggart, Jr.</u>, for petitioners.

<u>Rebecca Duewer-Grenville</u> and <u>Paul R. Zamolo</u>, for respondent.

_____

[1]  All section references are to the Internal Revenue Code
in effect for the years in issue.

MEMORANDUM OPINION

VASQUEZ, Judge:  The controversy before us arises out of petitioners' opposition to respondent's motion to remand the case to the Appeals Office.

Background

On July 30, 2002, respondent issued a Notice of Federal Tax Lien filing to petitioners.  The lien covered unpaid income tax for the taxable years 1989, 1993, 1995, 1996, and 1999.  On September 9, 2002, petitioners filed a Form 12153, Request for a Collection Due Process Hearing, in which they indicated that they did not believe they owed all of the assessed tax liabilities and they wanted to file an Offer in Compromise.  A Notice of Determination was sent to petitioners by the Appeals Office which sustained the lien.  On August 11, 2003, petitioners filed a petition to the Tax Court.

On April 30, 2004, respondent moved that the case be remanded to the Appeals Office to consider "Petitioners' Offer in Compromise and allegations that * * * [petitioners] do not owe a portion of the assessed tax liabilities."  Respondent concurrently moved for continuance of trial, removal of the case from the scheduled trial session, and restoration of the case to the general trial docket.

On May 5, 2004, the Court granted respondent's motion for continuance and motion for remand to the Appeals Office.

Furthermore, jurisdiction was retained by this Division of the Court.

In numerous subsequent pleadings, petitioners objected to the retention of jurisdiction by the Court and requested that the Notice of Determination be vacated.  Petitioners, however, did not object to remanding the case to the Appeals Office.

Discussion

The power of this Court to remand a case to the Appeals Office is well established.  For example, if a taxpayer is not afforded a proper opportunity for a hearing under section 6330, the Court can remand the case to the Appeals Office to hold a hearing if we "believe that it is either necessary or productive".  Lunsford v. Commissioner, 117 T.C. 183, 189 (2001) (Lunsford II).

Petitioner, inter alia, argues that the Court cannot retain jurisdiction over the case upon remanding the case to the Appeals Office.  We have jurisdiction to determine whether we have jurisdiction at any time, either before or after a final decision is entered.  Brannon's of Shawnee, Inc. v. Commissioner, 71 T.C. 108, 111-112 (1978).  The jurisdiction of this Court under "section 6330(d)(1)(A) is established when there is a written notice that embodies a determination to proceed with the collection of the taxes in issue, and a timely filed petition." Lunsford v. Commissioner, 117 T.C. 159, 164 (2001) (Lunsford I).

The Court may retain jurisdiction over the case upon remand to the Appeals Office.

The Court's retention of jurisdiction upon remand does not adversely affect the ability of the taxpayer to receive a fair section 6330 hearing. The Court may include instructions and explain the purpose of a remand to the Appeals Office. See, e.g., Keene v. Commissioner, 121 T.C. 8, 19 (2003); Cooley v. Commissioner, T.C. Memo. 2004-49. Upon remand, the Appeals Office may further consider the taxpayer's arguments. See sec. 6330(d)(2); Lunsford II, supra at 189.

Petitioner also argues that the Notice of Determination should be vacated. We interpret petitioners' argument that the Notice should be vacated as a request to invalidate the Notice. Whether petitioner had:

> an appropriate hearing opportunity, or whether the hearing was conducted properly, or whether the hearing was fair, or whether it was held by an impartial Appeals Officer, or whether any of the other nonjurisdictional provisions of section 6330 were properly followed, will all be factors that we must take into consideration under section 6330 in deciding such cases. But none of these factors should preclude us from exercising our jurisdiction under section 6330(d), in order to resolve the underlying dispute in a fair and expeditious manner.

Lunsford I, supra at 164. In this case the Notice of Determination embodies a determination to proceed with the collection of the taxes in issue, and the petition was timely. Accordingly, we shall not invalidate the Notice of Determination.

In reaching our holding herein, we have considered all arguments made, and to the extent not mentioned above, we conclude them to be moot, irrelevant, or without merit.

To reflect the foregoing,

<u>An appropriate order will be issued</u>.