130 T.C. No. 6


UNITED STATES TAX COURT


RICHARD AND MABEL KELBY, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 13268-03L.              Filed April 28, 2008.


        Ps petitioned this Court for review of a notice of
determination issued under sec. 6330, I.R.C.
Thereafter, the case was remanded to R's Appeals Office
three times; each time a supplemental notice of
determination was issued.  On the third remand, R
conceded that Ps' 1989 tax liability was fully
satisfied as of April 1990, and the parties agreed that
Ps' remaining liabilities would be satisfied by an
installment agreement.  Although the parties have
substantially settled this case, Ps contend that each
notice of determination must be separately reviewed in
light of their personal and financial status at the
time the notice was issued.

        <u>Held</u>:  Under sec. 6330, I.R.C., the Court reviews
the position taken by R's Appeals Office in the last
supplemental notice of determination, not each notice
separately.

William E. Taggart, Jr., for petitioners.

Rebecca Duewer-Grenville, for respondent.


OPINION


HAINES, Judge:  This collection review case under section 6330 is before the Court on the parties' cross-motions for entry of decision.[1]

## Background

The parties have substantially agreed on the elements of a decision to be entered.  However, they dispute certain aspects of the decision.

The cause of this dispute begins with petitioners' 1989 return.  Petitioners contend that they timely filed their 1989 return in 1990.  Respondent disagrees.  Respondent's transcripts indicate that petitioners were issued a substitute for return in 1993 and that respondent filed petitioners' joint 1989 tax return in 1995 and then assessed the balance due on that return.  Petitioners claim that the return filed in 1995 was simply a copy of the return they timely filed in 1990 and that any assessment based on that return was erroneous.  The parties agree that petitioners' 1989 return properly reported a tax liability of

---

[1]Unless otherwise indicated, section references are to the Internal Revenue Code as amended.  Rule references are to the Tax Court Rules of Practice and Procedure.  Amounts are rounded to the nearest dollar.

$13,749 and a withholding credit of $8,764.  Furthermore, respondent concedes that petitioners are entitled to a credit of the difference, $4,985, as of April 1990.  The parties agree, therefore, that petitioners' 1989 tax liability is fully satisfied.

On July 30, 2002, respondent issued petitioners a Notice of Federal Tax Lien Filing and Notice of Your Right to a Hearing with respect to 1989, 1993, 1995, 1996, and 1999.  On August 30, 2002, petitioners requested an Appeals hearing under section 6330.  Petitioners disputed that they owed tax with respect to 1989.[2]  They also disputed the lien on the grounds that it deprived them of their sole source of emergency funds, equity in their home.

Respondent's Appeals Office issued a notice of determination on July 10, 2003, allowing the collection action to proceed.  Petitioners timely filed a petition with this Court.  On April 30, 2004, respondent moved for a remand of the case.  The case was subsequently remanded to Appeals.  Meanwhile, the Court filed its first opinion in this case, Kelby v. Commissioner, T.C. Memo. 2005-25, rejecting petitioners' objection to the Court's retaining jurisdiction over the case for the duration of the

---

[2]Petitioners did not dispute the liabilities for the other years at issue.

remand.  The Court also rejected petitioners' argument that the notice of determination should be vacated or invalidated.  Id.

On June 21, 2005, Appeals issued a supplemental notice of determination, denying relief to petitioners.  On July 15, 2005, petitioners filed an amended petition, addressing additional issues raised by the supplemental notice.  On November 1, 2005, respondent moved for a second remand to Appeals.  The case was subsequently remanded.  On December 2, 2005, Appeals issued a second supplemental notice of determination to petitioners.  On February 6, 2006, petitioners filed a second amended petition to address issues raised by the second supplemental notice of determination.  On August 22, 2006, respondent again moved to remand the case to Appeals.  At a hearing on the motion for remand on August 28, 2006, respondent conceded that petitioners had no unpaid income tax liability for 1989.  On October 18, 2006, the Court granted respondent's motion, remanding the case to Appeals for a third time.

After this third remand, the parties agreed that the 1989 liability had been fully satisfied.  They further agreed on an installment plan which would allow petitioners to satisfy their 1993, 1995, 1996, and 1999 income tax liabilities.  On May 31, 2007, Appeals issued a third supplemental notice of determination, accepting the installment plan but denying release of the lien.

On June 12, 2007, petitioners filed their third amended petition.  Although petitioners were not satisfied with the third supplemental notice because of the failure to release the lien, they declined to pursue further appeal to this Court and reached the basis for a stipulated decision with respondent.

This case was called from the calendar in San Francisco, California, on October 15, 2007.  The parties reported to the Court that the case had been substantially settled but that the parties could not reach agreement on the wording of the decision document.  The Court instructed the parties that in lieu of an agreement on the wording, they should file cross-motions for entry of decision.  The motions for entry of decision were filed on October 29, 2007.  On December 4, 2007, the parties filed objections to each other's motions.

Each party submitted a proposed decision document attached to the respective motion.  Respondent's proposed decision document states:

> Pursuant to agreement of the parties in this case, it is
>
> ORDERED AND DECIDED: That the determinations set forth in the Notice of Determination Concerning Collection Action(s) under Section 6320 and/or 6330 issued to petitioners on July 10, 2003, the Supplemental Notice of Determination Concerning Collection Action(s) under Section 6320 and/or 6330 issued to petitioners on June 25, 2005, the Second Supplemental Notice of Determination Concerning Collection Action(s)under Section 6320 and/or 6330 issued to petitioners on December 2, 2005, and the Third Supplemental Notice of Determination Concerning Collection Action(s) under

Section 6320 and/or 6330 issued to petitioners on May 31, 2007 for Petitioners' income tax liabilities for the 1989, 1993, 1995, 1996, and 1999 upon which this case is based, are sustained in full, except The determinations in the above mentioned Notice of Determination Concerning Collection Action(s) under Section 6320 and/or 6330 and Supplemental Notices of Determination Concerning Collection(s) with respect to the 1989 income tax liability are not sustained because the liability has been fully satisfied. The issues associated with this taxable year are therefore moot.

It is further stipulated that petitioners are entitled to a credit in the amount of $4,985.00 made on April 15, 1990 and such credit shall be applied to petitioners' tax liability for the 1989 taxable year and satisfies their liability for the 1989 taxable year.

It is further stipulated that Petitioners are entitled to further credits in the amount of $265.00 as of August 18, 1995, $260.00 as of January 22, 1996, $9.00 as of April 15, 2003, $91.00 as of October 16, 2003, $275.62 as of November 9, 2004, $1,063.00 as of April 15, 2005, and $1,862.00 as of April 15, 2006 that had been applied to the alleged liability of Petitioners for their 1989 taxable year. These credits shall be applied to petitioners' outstanding liabilities for the 1993, 1995, 1996, and 1999 taxable years.

It is further stipulated that collection of petitioners' income tax liabilities for the 1993, 1995, 1996, and 1999 taxable years shall be made in accordance with the terms of the May 31, 2006 Installment Agreement entered into between the parties pursuant to the provisions of I.R.C. § 6159.

It is hereby stipulated that the Court may enter the foregoing decision in this case.

Petitioners' proposed decision document states:

Pursuant to agreement of the parties, it is ORDERED AND DECIDED:

That the determination set forth in the NOTICE OF DETERMINATION CONCERNING COLLECTION ACTION(S) UNDER

SECTION 6320 issued on July 10, 2003, relating to Petitioners' August 30, 2002, request for a Collection Due Process hearing is not upheld with respect Petitioners' allegedly owed, but unpaid, 1989 income tax liability, and the supplemental determinations issued with respect to the July 3, 2003, NOTICE OF DETERMINATION on June 21, 2005, on December 2, 2005, and on May 31, 2007, with respect to the petitioners' 1989 income tax liability are not upheld, and Respondent's 1995 assessment of an income tax liability for 1989 against Petitioners is determined to be void.

That the NOTICE OF DETERMINATION CONCERNING COLLECTION ACTION(S) UNDER SECTION 6320 issued by Respondent on July 10, 2003, relating to Petitioners' August 30, 2002, request for a Collection Due Process hearing with respect to tax liabilities of Petitioners allegedly owed, but unpaid, for Petitioners' 1993, 1995, 1996, and 1999 tax years is not upheld;

That the NOTICE OF DETERMINATION issued by Respondent on July 10, 2003, relating to Petitioners' August 30, 2002, request for a Collection Due Process hearing with respect to tax liabilities of Petitioners allegedly owed, but unpaid, for Petitioners' 1993, 1995, 1996, and 1999 tax years, as supplemented by the SUPPLEMENTAL NOTICE OF DETERMINATION CONCERNING COLLECTION ACTION(S) UNDER SECTION 6320 and/or 6330 issued on June 21, 2005, is not upheld;

That the NOTICE OF DETERMINATION issued by Respondent on July 10, 2003, relating to Petitioners' August 30, 2002, request for a Collection Due Process hearing with respect to tax liabilities of Petitioners allegedly owed, but unpaid, for Petitioners' 1993, 1995, 1996, and 1999 tax years, as supplemented by the supplemental determination issued on June 21, 2005, and as supplemented by the NOTICE OF DETERMINATION CONCERNING COLLECTION ACTION(S) UNDER SECTION 6320 and/or 6330 issued on December 2, 2005, is not upheld;

That the NOTICE OF DETERMINATION issued by Respondent on July 10, 2003, relating to Petitioners' August 30, 2002, request for a Collection Due Process hearing with respect to tax liabilities of Petitioners allegedly owed, but unpaid, for Petitioners' 1993, 1995, 1996, and 1999 tax years, as supplemented by the supplemental determinations issued on June 21, 2005,

and December 2, 2005, and by the SUPPLEMENTAL NOTICE OF DETERMINATION CONCERNING COLLECTION ACTION(S) UNDER SECTION 6320 and/or 6330 issued on May 31, 2007, is upheld with respect to the agreement of Petitioners and Respondent regarding the terms and conditions of an installment payment arrangement for the installment payment by Petitioners of the unpaid income tax liabilities of Petitioners for their 1993, 1995, 1996, and 1999 tax years; and

That Petitioners are entitled to credits in the amount of $265.00 as of August 18, 1995, $260.00 as of January 22, 1996, $9.00 as of April 15, 2003, $91.00 as of October 16, 2003, $275.62 as of November 9, 2004, $1,063.00 as of April 15, 2005, and $1,862.00 as of April 15, 2006, for amounts that were applied to Petitioners' allegedly owed, but, unpaid, tax liability for their 1989 taxable year, which amounts shall be applied to Petitioners' outstanding income tax liabilities for Petitioners' 1993, 1995, 1996 and 1999 tax years.

## Discussion

Before the Commissioner may levy on any property or property right, the taxpayer must be provided written notice of the right to request a hearing during the 30-day period before the first levy. Sec. 6330(a). If the taxpayer requests a hearing, an Appeals officer of the Commissioner must hold the hearing. Sec. 6330(b)(1). Within 30 days of the issuance of the Appeals officer's determination, the taxpayer may seek judicial review of the determination. Sec. 6330(d)(1).

Where the validity of the underlying tax liability is properly at issue, we review the matter de novo. Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 181 (2000). Where the validity of the underlying tax

liability is not properly at issue, however, we review the Commissioner's determination for an abuse of discretion.  Sego v. Commissioner, supra at 610; Goza v. Commissioner, supra at 181.

This case involves issues related to the underlying tax liability under section 6330(c)(2)(B) and to collection alternatives and the appropriateness of the collection action under section 6330(c)(2)(A).  The parties have agreed to the material terms of a stipulated decision; namely, that petitioners owe no tax for 1989 and that they will satisfy their remaining liabilities via an installment agreement.  However, the parties' proposed decision documents differ in two key respects.

First, petitioners' decision document seeks to void the 1995 assessment of their 1989 tax liability.  Respondent would allow petitioners a credit of the unpaid tax as of April 1990, rendering all other issues concerning 1989 moot.  Second, the parties disagree as to whether, with respect to the years at issue other than 1989, the original notice of determination and the first and second supplemental notices of determination should be sustained.

Petitioners' 1989 Tax Liability

Petitioners contend that the allowance of a credit as of April 1990 fully satisfying the 1989 liability renders respondent's 1995 assessment of the 1989 liability void.

Respondent contends that the allowance of the credit renders all other issues concerning petitioners' 1989 liability moot.

In a case where the validity of the Commissioner's assessment or the proposed lien or levy is not fairly in dispute and the liability that is the subject of the proposed lien or levy has been fully satisfied, we have held that a proceeding under section 6330 challenging the proposed collection action is moot. Greene-Thapedi v. Commissioner, 126 T.C. 1, 7 (2006); see also Gerakios v. Commissioner, T.C. Memo. 2004-203 (dismissing the collection review proceeding as moot where the parties agreed that there was no unpaid liability upon which a lien or levy could be based after the taxpayer had paid the liability in full); Chocallo v. Commissioner, T.C. Memo. 2004-152 (dismissing the case as moot where the Commissioner acknowledged the tax liability was improperly assessed and agreed that there was no unpaid tax liability upon which a levy could be based).

In each of Greene-Thapedi, Gerakios, and Chocallo the entire case was rendered moot because the liabilities for all tax years at issue were paid. In this case the liability related to a single year, 1989, is no longer at issue. Respondent still proposes to collect unpaid taxes with respect to other years. Nevertheless, we see no reason to apply a different standard to a single year out of many years at issue when the liability for that single year has been fully satisfied. Therefore,

respondent's proposed wording, deciding that the issues related to 1989 are moot, is entirely appropriate. Issues related to the other years before the Court are not moot.

Whether To Sustain the Notice of Determination and the Supplemental Notices of Determination

Petitioners would have the Court include language in the decision document specifically not upholding with respect to the years at issue other than 1989: (1) The notice of determination, (2) the notice of determination as supplemented by the first supplemental notice of determination, and (3) the notice of determination as supplemented by the first and second supplemental notices of determination.[3] Petitioners would then have the Court sustain the notice of determination as supplemented by the first, second, and third supplemental notices of determination with respect to the years at issue other than 1989. Respondent would have the Court sustain the notice of determination and the supplemental notices of determination in full, except with respect to the 1989 liability which was fully satisfied.

---

[3]Petitioners' argument here is substantially different from their argument discussed in Kelby v. Commissioner, T.C. Memo. 2005-25. At that time, petitioners argued that the notice of determination must be vacated because respondent's Appeals Office would lack the authority to make a new decision in the case if the notice was not vacated. As evidenced by the resolution of this case, petitioners were mistaken.

Petitioners argue that each determination must be separately reviewed with respect to the question of respondent's abuse of discretion. Petitioners further argue that separate reviews are necessary in cases such as this one where respondent makes several determinations, each based on the personal and financial status of the taxpayers at that time.

Respondent argues that each of the supplemental notices of determination supplements the previous notices. Respondent further argues that independent review of the notice of determination and the supplemental notices is contrary to the express provision of section 6330 that taxpayers are entitled to a single hearing per tax period. We agree. However, respondent's proposed decision document does not accurately reflect his argument.

It is well settled that a taxpayer is entitled to a single hearing under section 6330 with respect to the year to which the unpaid liability relates. Sec. 6330(b)(2); <u>Freije v. Commissioner</u>, 125 T.C. 14, 22 (2005). Therefore, when the Court remands a case to Appeals, the further hearing is a supplement to the taxpayer's original section 6330 hearing, not a new hearing.[4]

---

[4]Contrary to petitioners' assertion, the remand of a case does not necessarily mean that the Commissioner abused his discretion. We remand a case to Appeals when the taxpayer did not have a proper hearing and the new hearing is necessary or will be productive. <u>Lunsford v. Commissioner</u>, 117 T.C. 183, 189 (2001); <u>Lites v. Commissioner</u>, T.C. Memo. 2005-206; <u>Day v.</u>
(continued...)

Drake v. Commissioner, T.C. Memo. 2006-151, affd. 511 F.3d 65 (1st Cir. 2007). "The resulting section 6330 hearing on remand provides the parties with the opportunity to complete the initial section 6330 hearing while preserving the taxpayer's right to receive judicial review of the _ultimate_ administrative determination." Id. (emphasis added).

A corollary to the fact that a taxpayer is entitled to one hearing is that the Commissioner's Appeals Office makes a single determination, which may or may not be supplemented. When a case is remanded to Appeals and supplemental determinations are issued, the position of the Commissioner that we review is the position taken in the last supplemental determination.[5]

From the fact that the position of the Commissioner that we review is the position taken in the determination as supplemented, as opposed to each determination separately, it follows that we need not consider the Commissioner's position stated in prior notices of determination. This emanates not from

_____

[4](...continued)
Commissioner, T.C. Memo. 2004-30.

[5]We also decide today Ginsberg v. Commissioner, 130 T.C. ___ (2008), holding that we lack jurisdiction to review a supplemental notice of determination when we did not have jurisdiction to review the original notice. In this case we had jurisdiction to review the original notice and therefore we have jurisdiction over all supplemental notices. Although a supplemental notice of determination does not provide the Court jurisdiction under sec. 6330(d), when we have jurisdiction over the matter we will review the supplemental determination.

a finding that the Commissioner abused his discretion in the original determination, as petitioners suggest, but rather from the fact that the issuance of the supplemental notice of determination would generally make it unnecessary for the Court to review the Commissioner's position taken before the determination was supplemented.

In Sapp v. Commissioner, T.C. Memo. 2006-104, the Court remanded a section 6330 case to Appeals for further hearing. After conducting the hearing, Appeals issued a supplemental notice of determination. At trial the taxpayer alleged certain errors with respect to the original notice of determination. The Court found the taxpayer's allegations of error with respect to the original notice moot because the taxpayer received a supplemental notice.

Similarly, in Drake v. Commissioner, supra, a section 6330 case was remanded to Appeals for further hearing. After that hearing a supplemental notice of determination was issued. The taxpayer contended that the original section 6330 hearing was not held in good faith. The Court held that because the taxpayer received a hearing in good faith on remand, the issue was moot.[6]

---

[6]We note that the Court addressed certain issues with respect to the original notice, specifically the taxpayer's Fifth Amendment concerns regarding sec. 6330 hearings in general and the taxpayer's argument that he submitted a viable collection alternative during the original hearing. Drake v. Commissioner, T.C. Memo. 2006-151, affd. 511 F.3d 65 (1st Cir. 2007).

The third supplemental notice of determination in this case addresses all relevant issues addressed in the prior notices except the 1989 liability.  Specifically, the third notice addresses petitioners' eligibility for collection alternatives and whether the lien was more intrusive than necessary and confirms that all legal and procedural requirements were met. The third supplemental notice, therefore, makes it unnecessary for the Court to consider the prior notices.

For these reasons, respondent's wording that all the notices of determination are sustained with the exception of determinations relating to the 1989 liability is improper. Petitioners' wording sustaining the notice of determination as supplemented by the first, second, and third supplemental notices with respect to the years at issue other than 1989 is proper and will be included in the Court's decision.  Petitioners' proposed wording specifically not sustaining the prior notices of determination is repetitive and unnecessary.  The Court will enter a decision which states in relevant part:

> ORDERED AND DECIDED:  That the NOTICE OF DETERMINATION CONCERNING COLLECTION ACTIONS(S) UNDER SECTION 6320 issued by respondent on July 10, 2003, relating to petitioners' August 30, 2002, request for an Appeals hearing, as supplemented by the NOTICES OF DETERMINATION issued on June 21, 2005, December 2, 2005, and May 31, 2007, is sustained in full, except
>
> The determinations in the above mentioned NOTICES OF DETERMINATION with respect to petitioners' 1989 income tax liability are not sustained because the liability

has been fully satisfied.  The issues associated with petitioners' 1989 tax year are therefore moot.

<u>Whether Petitioners Are Entitled to an Award of Costs</u>

The Court understands that much of this dispute arises from the requirement in section 7430 that in order to receive an award of costs, taxpayers must prove that they substantially prevailed with respect to the most significant issue or issues presented. See sec. 7430(a).  The Court makes no judgment at this time as to the validity of petitioners' claim.  Petitioners may file a motion for litigation and administrative costs within 30 days after the service of this Opinion.  See Rules 231(a), 331(b).

To reflect the foregoing,

<u>An appropriate order and decision</u>

<u>will be entered</u>.