130 T.C. No. 7


UNITED STATES TAX COURT



MORTON L. GINSBERG, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent



Docket No. 11585-07L.            Filed April 28, 2008.


        P filed a complaint with District Court seeking
review of R's determination to proceed with collection
of a trust fund recovery penalty.  The District Court
remanded the case to R's Appeals Office, which issued a
supplemental determination notice.  The Pension
Protection Act of 2006, amending sec. 6330(d), I.R.C.
to expand this Court's jurisdiction over sec. 6330,
I.R.C. determinations, became effective with respect to
determinations made after a date that fell between the
dates of the original determination notice and the
supplemental determination notice.  P filed a petition
with this Court in response to the supplemental
determination notice.

        Held:  We lack jurisdiction to review R's
determinations in the supplemental determination
notice.  The supplemental notice relates back to the
original notice and is not a new determination for
purposes of the effective date of amended sec. 6330(d),
I.R.C.

Neil L. Prupis, for petitioner.

Steven W. Ianacone, for respondent.


OPINION


KROUPA, Judge:  This case is before the Court on respondent's Motion to Dismiss for Lack of Jurisdiction, filed October 5, 2007.  Petitioner filed a petition to review respondent's determinations in a supplemental determination notice that petitioner is liable for the trust fund recovery penalty for the periods ending June 30, 1991, December 31, 1991, September 30, 1992, March 31, 1994, and September 30, 1994 (the relevant periods).  This issue arises because the supplemental determination notice was issued after the effective date of the amendment to section 6330(d)(1)[1] and after petitioner had originally filed a complaint with Federal District Court at a time when only the District Court had subject matter jurisdiction over the trust fund liabilities.  We conclude that we lack jurisdiction to review respondent's determinations set forth in the supplemental determination notice because we did not have jurisdiction to review the determinations in the original

---

[1]All section references are to the Internal Revenue Code, unless otherwise indicated.

determination notice.  We shall therefore grant respondent's motion to dismiss for lack of jurisdiction.

## Background

Petitioner is a real estate investor who controlled real estate holdings through many partnerships and corporations.  At least five of the entities petitioner controlled accrued payroll tax liabilities.  Petitioner had a chief financial officer to handle various financial matters such as tax liabilities.  The chief financial officer failed to carry out his duties and embezzled funds from petitioner.  Petitioner asserts that part of the embezzled funds included the unpaid payroll taxes.

Respondent sent petitioner a Final Notice of Intent to Levy on March 25, 1999, to collect trust fund recovery penalties under section 6672 for the relevant periods.  Petitioner requested a hearing.  After the hearing, respondent issued a determination notice (the original determination notice) on June 20, 2003, in which respondent sustained the proposed levy action for petitioner's liabilities for the trust fund recovery penalty, among other things.

Petitioner disputed the original determination notice by filing a complaint with the United States District Court for the District of New Jersey (District Court).  Petitioner could file a complaint only with the District Court because the Tax Court lacked jurisdiction over trust fund liabilities.  The District

Court remanded the matter to respondent's Appeals Office and dismissed the case in a consent order on October 5, 2005. The District Court directed that upon remand, the Appeals Office should consider petitioner's challenges to the existence or amount of the underlying liability. The consent order further provided that petitioner's rights under section 6330 would be impaired in no way.

Respondent's Appeals Office held a supplemental hearing with petitioner. The Appeals Office issued petitioner a supplemental determination notice on April 26, 2007, in which respondent sustained the proposed levy action for petitioner's liabilities for the trust fund recovery penalty with certain adjustments. Petitioner filed a petition with this Court contesting the determinations in the supplemental determination notice on May 23, 2007. Petitioner resided in Florida at the time he filed the petition. Petitioner also filed another complaint with the District Court contesting the determinations in the supplemental determination notice.

Respondent filed a motion to dismiss this case for lack of jurisdiction. Respondent asserts that the supplemental determination notice is not a new determination and that jurisdiction remains with the District Court. Respondent argues that the District Court has jurisdiction notwithstanding the amendment to section 6330(d) giving the Tax Court exclusive

jurisdiction over all section 6330 determinations made after October 16, 2006.

Petitioner states in his response to respondent's motion that he filed simultaneous suits in this Court and with the District Court because he was uncertain about which court had jurisdiction after the amendment to section 6330(d).

## Discussion

We now consider whether we have jurisdiction to review respondent's determination in the supplemental determination notice. This is the first time we have been asked to consider whether we have jurisdiction to review a supplemental determination notice where the amendments to section 6330(d) giving us exclusive jurisdiction became effective between the issuance of the original determination notice and the issuance of the supplemental determination notice. We begin by explaining the scope of our jurisdiction under section 6330 and Congress' recent expansion of that jurisdiction.

A taxpayer must receive written notice of the right to request a hearing before the Commissioner may levy upon any property or property right of the taxpayer. Sec. 6330(a). If the taxpayer requests a hearing, an Appeals officer holds the hearing and then makes a determination. Sec. 6330(b)(1), (c)(3). The taxpayer may seek judicial review of the Appeals officer's determination within 30 days of its issuance. Sec. 6330(d)(1).

Tax Court Jurisdiction On or Before October 16, 2006

This Court is a court of limited jurisdiction, and we may exercise judgment only to the extent authorized by Congress. Naftel v. Commissioner, 85 T.C. 527, 529 (1985). Before the enactment of the Pension Protection Act of 2006 (PPA), Pub. L. 109-280, 120 Stat. 780, the Tax Court had jurisdiction to review an Appeals officer's determinations only in those cases where the Tax Court had jurisdiction over the underlying tax liability. Callahan v. Commissioner, 130 T.C. ____, ____ (2008) (slip. op. at 2-3); Zapara v. Commissioner, 126 T.C. 215, 227 (2006); Katz v. Commissioner, 115 T.C. 329, 338-339 (2000). The Tax Court lacks jurisdiction over trust fund recovery penalties in deficiency cases. Moore v. Commissioner, 114 T.C. 171, 175 (2000); Medeiros v. Commissioner, 77 T.C. 1255 (1991). Accordingly, we could not review the Commissioner's determinations to collect this type of tax until the PPA became effective for determinations made after October 16, 2006. PPA sec. 855, 120 Stat. 1019; see Rustam v. Commissioner, T.C. Memo. 2005-42.

Tax Court Jurisdiction After October 16, 2006

The PPA expanded our jurisdiction to include review of the Commissioner's collection activity, regardless of the type of underlying tax involved, for determinations made after October 16, 2006. PPA sec. 855; Perkins v. Commissioner, 129 T.C. 58, 63 n.7 (2007). Accordingly, we now have jurisdiction to review all

appeals of collection determinations made after October 16, 2006. Callahan v. Commissioner, supra.

Determination Notices and Supplemental Determination Notices

The supplemental determination in this case was made after the effective date of October 16, 2006, but the original determination was made before the effective date. Petitioner appealed the original determination to the District Court, and the District Court remanded the case to the Appeals Office. This case presents the unique situation where the effective date of the PPA falls between an original determination notice appealable to District Court and a supplemental determination notice.

A taxpayer is entitled to only one notice of intent to levy and only one hearing per taxable period. Sec. 6330(a)(1), (b)(2); see also Drake v. Commissioner, T.C. Memo. 2006-151, affd. 511 F.3d 65 (1st Cir. 2007). A hearing under section 6330 may consist of one or more written or oral communications between an Appeals officer and the taxpayer. Sec. 301.6330-1, Proced. & Admin. Regs. Taxpayers do not have a right to any further or additional hearing. H. Conf. Rept. 105-599, at 266 (1998), 1998-3 C.B. 747, 1020. Any further hearing that a taxpayer has is a supplement to the initial hearing, and the two hearings together constitute the hearing under section 6330(d). Drake v. Commissioner, supra (citing Parker v. Commissioner, T.C. Memo. 2004-226).

It follows that this hearing, which may actually consist of several meetings or other written or oral communications, yields only one determination. See sec. 6330(c)(3), (d)(1). This determination may be supplemented by a supplemental determination notice, if the matter is remanded to Appeals after the initial determination. The supplemental determination notice is merely a supplement to the original determination notice and relates back to the original determination notice.[2] It is not a new determination and does not provide the taxpayer any additional appeal rights.[3]

We conclude that the supplemental determination notice relates back to the original determination notice dated June 30, 2003. As the original determination notice was issued before October 16, 2006, we do not have jurisdiction to review respondent's determination because we lack jurisdiction to review the underlying tax liability. See Moore v. Commissioner, supra

---

[2]The Office of Chief Counsel at the Internal Revenue Service (IRS) has issued a Notice providing guidance to IRS personnel in situations like this one. Chief Counsel Notice CC-2007-001 (Oct. 13, 2006). The Notice states that the District Court has jurisdiction because the supplemental determination notice supplements the original determination notice.

[3]We also decide today Kelby v. Commissioner, 130 T.C. ___ (2008), holding that the determination we review is the original determination notice as supplemented by all subsequent determination notices, and that the original determination notice is rendered moot to the extent supplanted by the subsequent determination notices. If we do not have jurisdiction to review the original determination notice, however, the issuance of a supplemental determination notice does not give us jurisdiction.

at 175.  We shall therefore grant respondent's motion to dismiss for lack of jurisdiction.

To reflect the foregoing,

<u>An appropriate order of dismissal for lack of jurisdiction will be entered</u>.