T.C. Memo. 2009-85

UNITED STATES TAX COURT


RICHARD AND MABEL KELBY, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 13268-03L.                    Filed April 28, 2009.



<u>William E. Taggart, Jr.</u>, for petitioners.

<u>Rebecca Duewer-Grenville</u>, for respondent.



MEMORANDUM OPINION


HAINES, <u>Judge</u>:  This collection review case is before the

Court on petitioners' motion for recovery of litigation costs

brought under section 7430 and Rule 231.[1]  Petitioners seek to

---

[1]Unless otherwise indicated, section references are to the
Internal Revenue Code as amended.  Rule references are to the Tax
Court Rules of Practice and Procedure.  Amounts are rounded to
(continued...)

recover costs totaling $157,965 incurred from July 10, 2003, the date respondent issued the original notice of determination upon which this case is based, through the filing of this motion.

## Background

In deciding the parties' cross-motions for entry of decision, we discussed in detail the history of this case. Kelby v. Commissioner, 130 T.C. 79 (2008). We need not repeat the entirety of that discussion, but rather we incorporate it herein. After the filing of the petition, this case was remanded to respondent's Office of Appeals three times. After each remand, petitioners amended their petition. Petitioners raised three issues during their hearings and before this Court.

A.   The 1989 Income Tax Liability

First, petitioners challenged the existence of their alleged 1989 Federal income tax liability.[2] Petitioners contended that they filed their 1989 joint return in July or August 1990 and paid the tax due. In 1993 respondent created a substitute for return (SFR) for Ms. Kelby, but not Mr. Kelby. The SFR reflected Ms. Kelby's wages and related income tax withheld as reported on her 1989 Forms W-2, Wage and Tax Statement. Respondent then sent

---

[1](...continued)
the nearest dollar.

[2]The notice of determination also related to liabilities for 1994 through 1997, and 2000. Petitioners did not challenge those liabilities.

Ms. Kelby a notice of deficiency for 1989, but she did not receive it because petitioners had moved. In 1993 respondent assessed the tax shown as due on the SFR and began collection activities. In 1995 petitioners reconstructed their 1989 return showing Mr. and Ms. Kelby's wage income and income tax withheld. Respondent accepted the return and assessed the tax due although petitioners contended they had paid the tax in 1990. Respondent also abated the erroneous 1993 assessment. Thus, the first issue was whether petitioners paid their 1989 liability in 1990 and whether the 1995 assessment was proper.

Respondent's Appeals officers took up the issue and determined that there was no record of petitioners' submitting their 1989 return in 1990 or that a payment was made then. Furthermore, petitioners presented no evidence to show that the return was submitted or that payment had been made, such as a canceled check.

On August 22, 2006, more than 3 years after their original hearing, petitioners sent respondent Ms. Kelby's notes concerning whom she spoke with at the local Internal Revenue Service (IRS) office in 1995 and how she paid the liability in 1990. Petitioners requested that the notes be included in the stipulation of facts being prepared for trial. Before August 22, 2006, this documentation had not been provided to respondent or the Appeals officers. With this information, respondent

contacted the IRS employees with whom Ms. Kelby spoke. Those IRS employees corroborated portions of Ms. Kelby's story. Shortly thereafter respondent conceded that the 1989 liability had been fully satisfied and allowed petitioners a credit as of April 1990 equal to the 1989 tax liability.

B.    Collection Alternatives

Second, petitioners sought a collection alternative, specifically an offer-in-compromise (OIC). They offered $500 to satisfy their tax liabilities, which totaled more than $55,000, including interest.[3] In each of the notices of determination respondent's Appeals officers rejected petitioners' OIC because petitioners' collection potential was far greater than $500. During their final hearing, after respondent conceded the payment of the 1989 liability, the parties entered into an installment agreement whereby petitioners would pay $300 per month.

C.    Release of the Notice of Federal Tax Lien

Finally, petitioners sought the release of the notice of Federal tax lien (NFTL) which began this whole series of events. Respondent consistently denied petitioners' request. After the parties came to an agreement with respect to the installment agreement, petitioners continued to seek the release of the NFTL.

---

[3]The total outstanding liabilities vary by offer because of the accrual of interest.

On October 15, 2007, at a hearing before this Court, petitioners announced their intention to abandon the issue.

D.   Motions for Entry of Decision

At the October 15, 2007, hearing the parties agreed that there were no substantive issues remaining.  However, they disputed what the decision in the case should be.  Each postured so as to appear to be the prevailing party.  Unable to reach an agreement, they filed cross-motions for entry of decision.  In Kelby v. Commissioner, supra at 85, we determined that because of respondent's concessions with respect to the 1989 liability, all issues with respect to that year were moot.  We also determined that under section 6330 the position we review is the position taken by respondent's Appeals Office in the last supplemental notice of determination, not each notice separately as petitioners contended.  Id. at 87.

Not long after the release of Kelby v. Commissioner, supra, petitioners filed their motion for recovery of litigation costs.  In accordance with Rule 232 respondent filed a response to petitioners' motion, and petitioners filed a reply and an additional affidavit.  A hearing was held in San Francisco, California, on November 3, 2008.

## Discussion

Taxpayers are eligible for an award of reasonable fees and costs incurred in certain administrative and court proceedings if

they meet the requirements of section 7430.  To qualify under section 7430, the taxpayers must establish that they:  (1) Were the prevailing party within the meaning of section 7430(c)(4); (2) exhausted the applicable administrative remedies; (3) did not unreasonably protract the proceedings; and (4) have claimed costs that are reasonable.  All four elements of section 7430 are in dispute.

A.    Whether Petitioners Were the Prevailing Party

To be a prevailing party, a taxpayer must:  (1) Substantially prevail as to the amount or most significant issue in controversy and (2) meet the requirements listed in 28 U.S.C. section 2412(d)(1)(B) and (2)(B).[4]  Sec. 7430(c)(4).  Further, the position taken by the Commissioner in the administrative and court proceedings must not have been substantially justified. Id.; Kenagy v. United States, 942 F.2d 459, 463 (8th Cir. 1991). Although a taxpayer bears the burden of proving he meets requirements (1) and (2), the Commissioner bears the burden of proving his position was substantially justified.  Maggie Mgmt. Co. v. Commissioner, 108 T.C. 430, 441 (1997); see Kenney v. United States, 458 F.3d 1025, 1032 (9th Cir. 2006).  The parties agree that petitioners meet the requirements of 28 U.S.C. section

_____

[4]Under 28 U.S.C. sec. 2412(d)(1)(B) and (2)(B), an individual taxpayer is ineligible for an award of costs if the taxpayer's net worth exceeded $2 million at the time the petition was filed.

2412(d)(1)(B) and (2)(B). They dispute the other two requirements of section 7430(c)(4).

The parties agree that this case involved three issues: (1) Whether petitioners were liable for the alleged unpaid 1989 tax; (2) whether petitioners were eligible for a collection alternative; and (3) whether the NFTL should have been released. The most significant issue or set of issues is relevant in determining whether petitioners were the prevailing party. Each of the three issues was significant to the parties, and a reasonable argument can be made that each was the most significant. Complicating matters, petitioners contend that the issues are intertwined. They argue that they gave up their OIC claim and entered into the installment agreement only because respondent conceded the 1989 liability was satisfied, thus making an installment agreement appropriate. Because we conclude that petitioners were not the prevailing party with respect to any of these issues or any set of issues, we need not determine which issue was the most significant.

1.   The Release of the Federal Tax Lien

Petitioners abandoned their argument that the NFTL should be released. Accordingly, petitioners did not substantially prevail as to this issue.

## 2. Collection Alternatives

During their hearings and in their petition and amended petitions petitioners sought an OIC which would have satisfied their outstanding liabilities for $500. Respondent rejected those offers on the basis of petitioners' financial status at the time of the offers. Petitioners allege that their financial status improved over the course of the proceedings. Nevertheless, they did not increase the amount of their offer.

After respondent conceded the 1989 liability, petitioners continued to seek an OIC. The Appeals officer rejected the OIC, and the parties entered into an installment agreement. The parties agreed that petitioners would satisfy their outstanding liabilities by making payments of $300 per month. Until that point petitioners sought to compromise their income tax liabilities of more than $55,000 for only $500. The concession of the 1989 liability reduced the outstanding liabilities to just less than $40,000.

Petitioners' installment agreement is substantially different from their OICs. Under the installment agreement, petitioners remain liable for their unpaid taxes. Under the proposed OICs, petitioners would have satisfied all their outstanding tax liabilities for approximately 1 percent of the total. The parties' installment agreement more closely resembles respondent's position than petitioners' because petitioners

continued to be liable for all their unpaid taxes. Under these circumstances we cannot say that petitioners substantially prevailed as to this issue.

3. The 1989 Tax Liability

Respondent conceded that petitioners were not liable for the alleged unpaid 1989 tax. Accordingly, we conclude that petitioners substantially prevailed as to this issue. However, for a taxpayer to be the "prevailing party" under section 7430(c)(4), the position taken by the Commissioner in the proceedings must not have been substantially justified.

"Substantially justified" means "justified to a degree that could satisfy a reasonable person", or having "reasonable basis both in law and fact". Pierce v. Underwood, 487 U.S. 552, 565 (1988); Kenney v. United States, supra at 1032; see Maggie Mgmt. Co. v. Commissioner, supra at 443. For a position to be substantially justified, "substantial evidence" must exist to support it. Pierce v. Underwood, supra at 564. "That phrase does not mean a large or considerable amount of evidence, but rather 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Id. at 564-565 (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The Commissioner's position may be incorrect but substantially justified "if a reasonable person could think it correct". Id. at 566 n.2. A significant factor in determining whether the

Commissioner acted reasonably as of a given date is whether, on or before that date, the taxpayer presented all relevant information under the taxpayer's control.  Corson v. Commissioner, 123 T.C. 202, 206-207 (2004); sec. 301.7430-5(c)(1), Proced. & Admin. Regs.  Thus, whether the Commissioner acted reasonably ultimately turns upon the available facts which formed the basis for the Commissioner's position.  DeVenney v. Commissioner, 85 T.C. 927, 930 (1985); see Nalle v. Commissioner, 55 F.3d 189, 191-192 (5th Cir. 1995), affg. T.C. Memo. 1994-182.

The fact that the Commissioner eventually loses or concedes an issue does not by itself establish that the position taken was unreasonable.  Estate of Perry v. Commissioner, 931 F.2d 1044, 1046 (5th Cir. 1991); Swanson v. Commissioner, 106 T.C. 76, 94 (1996).  However, it is a factor that may be considered.  Estate of Perry v. Commissioner, supra at 1046; Powers v. Commissioner, 100 T.C. 457, 471 (1993), affd. in part and revd. in part 43 F.3d 172 (5th Cir. 1995).

At some point in July or August 1990 petitioners likely filed their 1989 return and paid the tax due.  For some reason the return and payment were lost or improperly recorded or an IRS employee erred in some other way, causing petitioners not to be credited with the filing of their 1989 return and the payment of the tax due.  Respondent then erroneously assessed the 1989 tax in 1993 and, in an effort to correct the erroneous 1993

assessment, erroneously assessed the 1989 tax again in 1995. However, the question before us is not whether respondent erred in failing to record the filing of the 1989 return and payment of the tax due or whether respondent erred in assessing the 1989 tax in 1993 and 1995. Respondent likely did.

The question is whether, in the course of the administrative and judicial proceedings, respondent was substantially justified in taking the position that petitioners did not file their 1989 return and pay the tax due in 1990. We conclude that respondent was substantially justified, both during the administrative hearings and before this Court, in contending that petitioners were liable for the alleged unpaid 1989 tax.

The Court of Appeals for the Ninth Circuit, to which an appeal in this case would lie, has held that the reasonableness of the Commissioner's position is analyzed separately for the administrative and judicial proceedings. Kenney v. United States, 458 F.3d at 1032-1033; Huffman v. Commissioner, 978 F.2d 1139, 1143 (9th Cir. 1992), affg. in part and revg. in part T.C. Memo. 1991-144. Although this case was remanded for further administrative proceedings several times, and several amended petitions and amended answers were filed, respondent's position was remarkably consistent. The Appeals officers took the position that petitioners were liable for the 1989 tax liability because they filed their return in 1995 and did not pay the tax

due.  They also took the position that petitioners were not eligible for a $500 OIC because petitioners' collection potential was substantially greater than $500 and the NFTL should not be released.  Respondent took the identical position before this Court, arguing that petitioners were liable for the unpaid 1989 tax and that the Appeals officers did not abuse their discretion in denying the OICs and not releasing the NFTL.

Respondent's position changed when petitioners provided Ms. Kelby's notes.  These notes had not previously been provided to respondent or any of the Appeals officers.  Petitioners failed to present to respondent and the Appeals officers all the relevant information under their control.  Once that information was presented, respondent promptly conceded the 1989 tax liability issue.

Petitioners argue that the notes were irrelevant because they related to discussions Ms. Kelby had with IRS employees regarding the correction of the erroneous 1993 assessment of the 1989 liability.  Those discussions resulted in the IRS's assessing the 1989 liability in 1995 in an effort to correct the erroneous 1993 assessment.  The erroneous 1995 assessment is the nexus of the parties' dispute with respect to the 1989 liability. Evidence of who made the 1995 assessment which allowed respondent to investigate how and why the assessment was made is highly relevant.  Furthermore, it is unlikely petitioners would have

sought to include the notes in the stipulation of facts if they had been irrelevant.

Before Ms. Kelby's notes were provided to respondent, petitioners had not provided respondent or the Appeals officers sufficient credible information upon which the liability could have been conceded. Therefore, we conclude that respondent was substantially justified in taking the position that petitioners were liable for the alleged 1989 tax.

B.  Conclusion

Because we conclude that petitioners were not the prevailing party with respect to any of the issues, they are precluded from recovering litigation costs, and we need not address whether petitioners have satisfied the other elements of section 7430.

To reflect the foregoing,

An appropriate order and

decision will be entered.