T.C. Memo. 2016-124

UNITED STATES TAX COURT

RICKY L. WARD, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 4807-15L.                    Filed June 27, 2016.

Ricky L. Ward, pro se.

Diana N. Wells and Denise A. Diloreto, for respondent.

MEMORANDUM OPINION

NEGA, Judge: Petitioner seeks review pursuant to sections 6320(c) and

6330(d)(1)[1] of respondent's determination to sustain the filing of a notice of

_____

[1]All section references are to the Internal Revenue Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure. We round all dollar amounts to the nearest dollar.

[*2] Federal tax lien with respect to petitioner's unpaid Federal income tax liabilities for tax years 2000-2009.[2] Respondent has moved for summary judgment. For the reasons explained below, we will grant the motion.

Background

The following uncontroverted facts are derived from the petition, the exhibits attached to respondent's motion for summary judgment and first amendment to motion for summary judgment, and the parties' other filings in this case. Petitioner resided in Kentucky when he petitioned this Court.

For tax years 2000-2009 petitioner filed untimely income tax returns. The reported tax liabilities were assessed, but petitioner failed to pay all the liabilities reported on the returns. The unpaid tax liabilities stem from insufficient Federal withholding and/or not making the necessary estimated tax payments on petitioner's earned income reported on his tax returns. On June 26, 2014, respondent sent petitioner a Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320, with respect to his unpaid Federal income tax liabilities for these years.

---

[2]As of April 15, 2015, petitioner's income tax liability for tax year 2000 has been fully satisfied. Therefore, respondent's determination with respect to this tax year is moot. See Kelby v. Commissioner, 130 T.C. 79, 81, 88 (2008), aff'd, 444 F. App'x 950 (9th Cir. 2011).

**[*3]** In response, petitioner timely submitted Form 12153, Request for a Collection Due Process or Equivalent Hearing. The Form 12153 permitted petitioner to indicate the nature of his CDP hearing request by checking boxes selectively. Petitioner checked boxes for "Offer in Compromise" and "I Cannot Pay Balance" on his Form 12153. Petitioner did not dispute the underlying tax liabilities on Form 12153 and did not request withdrawal of the notice of Federal tax lien or release of the lien.

On November 5, 2014, a settlement officer (SO) from the Internal Revenue Service (IRS) Appeals Office sent petitioner a letter setting December 4, 2014, for a telephone collection due process (CDP) hearing and requested that he complete and submit Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, with supporting documentation to assist in the hearing process. On December 5, 2014, the SO mailed petitioner a letter rescheduling the CDP hearing for December 19, 2014, because the SO could not attend the originally scheduled conference.

Petitioner provided no documentation and did not make a specific proposal for a collection alternative before the scheduled CDP hearing. On December 19, 2014, the SO called petitioner to initiate the CDP hearing, but he did not answer. The SO left a voice message asking that petitioner contact him to reschedule the

[*4] hearing. On December 24, 2014, the SO mailed petitioner a "last chance" letter requesting that he submit financial information within 14 days from the date of the letter if he wished the IRS to consider collection alternatives. Petitioner submitted no information and failed to contact the IRS regarding his case. On January 29, 2015, the IRS issued petitioner a notice of determination sustaining the notice of Federal tax lien filing.

Petitioner timely sought review in this Court and vaguely asserted in his amended petition that he did not "owe this much tax on wages earned on all years." On July 2, 2015, respondent moved for summary judgment. On August 3, 2015, petitioner responded to the motion for summary judgment. In his response petitioner stated that he disagreed with the alleged facts set forth by the IRS in his case and that he believed that the IRS "must have" computed his tax liabilities without taking into account deductions. Petitioner went on to say that "the tax rate was excessive for my filing status" and that all of the IRS' correspondence looked "like words on paper" to him.

The Court set respondent's motion for summary judgment for hearing for December 7, 2015. Petitioner failed to appear for the hearing.

**[*5]**                                            <u>Discussion</u>

This case was called from the calendar for the trial session of the Court at Louisville, Kentucky, on December 7, 2015. There was no appearance by or on behalf of petitioner. Counsel for respondent appeared and filed with the Court a motion to dismiss for lack of prosecution. That same day, the Court ordered petitioner to show cause in writing on or before December 28, 2015, why respondent's motion to dismiss for lack of prosecution should not be granted. No response has been received from or on behalf of petitioner. The Court could simply enter a decision against petitioner for his failure to appear at the scheduled hearing on respondent's motion for summary judgment or failure to comply with the Court's order. <u>See</u> Rules 123(b), 149(a). Nevertheless, for the sake of clarity and completeness we consider respondent's motion for summary judgment on its merits.

The purpose of summary judgment is to expedite litigation and avoid unnecessary and time-consuming trials. <u>Fla. Peach Corp. v. Commissioner</u>, 90 T.C. 678, 681 (1988). The Court may grant summary judgment when there is no genuine dispute as to any material fact and a decision may be rendered as a matter of law. Rule 121(b); <u>Sundstrand Corp. v. Commissioner</u>, 98 T.C. 518, 520 (1992),

**[\*6]** aff'd, 17 F.3d 965 (7th Cir. 1994). If a moving party properly makes and supports a motion for summary judgment, "an adverse party may not rest upon the mere allegations or denials of such party's pleading" but must set forth specific facts, by affidavit or otherwise, showing that there is a genuine dispute for trial. Rule 121(d).

Section 6321 imposes a lien in favor of the United States on all property and property rights of a person who is liable for and fails to pay tax after demand for payment has been made. The lien arises when assessment is made and generally continues until the assessed liability is paid. See sec. 6322. The IRS files a notice of Federal tax lien to preserve priority and put other creditors on notice. See sec. 6323. Section 6320(a) requires the Secretary to send written notice to the taxpayer of the filing of a notice of lien and of the taxpayer's right to an administrative hearing on the matter.

At the hearing a taxpayer may raise any relevant issue, including challenges to the appropriateness of the collection action and possible collection alternatives. See secs. 6320(c), 6330(c)(2)(A). Taxpayers are to provide all relevant information requested by Appeals. Secs. 301.6320-1(e)(1), 301.6330-1(e)(1), Proced. & Admin. Regs.

**[\*7]**  Petitioner has failed to set forth specific facts showing that there is a genuine dispute for trial.  He does not argue that the Appeals settlement officer failed to satisfy the verification requirements of section 6330(c)(1).  He simply asserts that the IRS "must have" computed his tax liabilities without taking into account deductions and that "the tax rate was excessive" for his filing status.  The Court cannot review petitioner's challenge to his underlying tax liabilities because he did not properly raise the issue at his CDP hearing.  See sec. 301.6320-1(f)(2), Q&A-F3, Proced. Admin. Regs.; see also Thompson v. Commissioner, 140 T.C. 173, 178 (2013).  Moreover, even if petitioner had requested consideration of his underlying liabilities at his CDP hearing, which he did not, he failed to present any evidence to support his position even after the SO gave him a generous amount of time to do so.  See sec. 301.6320-1(f)(2), Q&A-F3, Proced. & Admin. Regs.  As a result, we cannot review petitioner's underlying liabilities in this proceeding, and we will accordingly review the SO's determination for abuse of discretion only.  See Goza v. Commissioner, 114 T.C. 176, 182 (2000).  To prevail petitioner must establish that the issuance of the notice of determination sustaining the notice of lien filing was an abuse of discretion.  Abuse of discretion is shown only if the action of the Appeals officer was arbitrary, capricious, or without sound basis in fact or law.  See Giamelli v. Commissioner, 129 T.C. 107, 111 (2007).

[*8]     A request for a collection alternative, such as an offer-in-compromise, is generally based on a taxpayer's ability to pay the outstanding liabilities. See sec. 7122(d). Similarly, a taxpayer's request that his account be placed in currently not collectible status is dependent upon on his showing that he has no apparent ability to make payments on the outstanding liability. See Foley v. Commissioner, T.C. Memo. 2007-242. In this vein, taxpayers are expected to provide all relevant information requested by the Appeals Office, including financial statements, for the Appeals Office's consideration of the facts and issues involved in the hearing. See sec. 301.6320-1(e)(1), Proced. & Admin. Regs. Petitioner's failure to provide complete financial information impaired the SO's ability to effectively evaluate his claims. The SO's determination to sustain the notice of lien filing was not an abuse of discretion under these circumstances. See Giamelli v. Commissioner, 129 T.C. at 115-116; Tucker v. Commissioner, T.C. Memo. 2014-103.

On the basis of the record, we conclude that the SO verified that the requirements of any applicable law or administrative procedure were followed and that in sustaining the notice of lien filing the SO properly balanced "the need for the efficient collection of taxes with the legitimate concern * * * that any collection action be no more intrusive than necessary." See secs. 6330(c)(3), 6320(c). In the absence of a valid issue for review, we conclude that there is no

**[*9]** genuine dispute as to a material fact and that respondent is entitled to judgment as a matter of law.

To reflect the foregoing,

An appropriate order and decision will be entered.