# United States Tax Court

T.C. Memo. 2024-81

JAMES E. KEITH AND JULIE KEITH,
Petitioners

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

—————

Docket No. 12514-23L.                    Filed August 28, 2024.

—————

*Paul M. Vargas*, for petitioners.

*Crystal T. Ochrymowicz*, *David S. Lee*, and *Trent D. Usitalo*, for respondent.

## MEMORANDUM OPINION

PUGH, *Judge*: In this collection case petitioners seek review pursuant to section 6330(d)(1)[1] of a determination by the Internal Revenue Service (IRS) Independent Office of Appeals[2] (Appeals) to uphold a proposed levy for tax years 2010 and 2012–16 (years in issue). Currently pending before the Court are petitioners' Motion to Remand, filed February 14, 2024, and respondent's Motion for Summary Judgment, filed February 20, 2024. For the reasons stated below, we will grant petitioners' Motion and deny respondent's Motion.

—————

[1] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C., in effect at all relevant times.

[2] On July 1, 2019, the IRS Office of Appeals was renamed the IRS Independent Office of Appeals. *See* Taxpayer First Act, Pub. L. No. 116-25, § 1001, 133 Stat. 981, 983 (2019).

[*2]                                   *Background*

 We held a hearing for both Motions at our San Francisco, California, trial session. The following background is drawn from the pleadings, the parties' Motion papers, the administrative record, and the hearing transcript. Petitioners resided in California when they filed their Petition.

 The IRS assessed the balances shown on petitioners' returns filed for the years in issue as well as interest. Petitioners partially satisfied these balances through credits and subsequent payments. To collect the unpaid balances, the IRS sent petitioners Notice LT11, Notice of Intent to Levy and Your Collection Due Process Right to a Hearing. Petitioners' representative timely submitted Form 12153, Request for a Collection Due Process or Equivalent Hearing, indicating petitioners sought a collection alternative and checking the boxes for "Installment Agreement" and "Offer in Compromise."

 Appeals assigned Settlement Officer Sonya Hart (SO Hart) to petitioners' administrative hearing request. SO Hart requested a completed Form 433–A, Collection Information Statement for Wage Earners and Self-Employed Individuals, and Form 656, Offer in Compromise. Shortly before the administrative hearing, petitioners' representative faxed SO Hart a completed Form 433–A, petitioners' bank statements, and a copy of petitioners' 2018 tax return. The fax cover sheet stated: "Mr. and Mrs. Keith informed me that they periodically borrow money from their son. You will notice a withdrawal of $24,000 that they used to pay their son back." The fax cover sheet also included petitioners' request for a tiered installment plan of $500 per month for 24 months and $1,000 per month thereafter.

 At the administrative hearing, SO Hart noted the 2018 tax return was signed only by the return preparer. She asked for a copy signed by petitioners and a completed Form 433–D, Installment Agreement. Petitioners' representative faxed a 2018 tax return signed by petitioners but not the requested Form 433–D. After the 2018 tax return was processed, SO Hart asked the representative (in two separate phone calls) for the Form 433–D. And she later asked for petitioners' 2021 tax return. The representative faxed the 2021 return to her, but it was illegible.

 Months later petitioners informed SO Hart that their representative had left the firm she was working for and they wanted to

[*3] proceed unrepresented. Petitioners requested an installment agreement of $1,000 per month for 12 months, increasing to $1,500 per month thereafter. SO Hart submitted petitioners' request (along with all the documentation she had) to IRS Collections Operations (Collections) to determine petitioners' ability to pay. Collections determined an ability to pay of $4,217 per month, rejecting petitioners' installment agreement request.

Petitioners then hired a new representative, who explained to SO Hart that Collections had calculated petitioners' ability to pay incorrectly because it added a $24,000 loan to their income. The new representative sought more time to submit additional documentation and was given until June 30, 2023. Petitioners did not submit additional documentation (including a legible copy of their 2021 return) by that date. On July 14, 2023, Appeals issued the Notice of Determination upon which this case is based, and petitioners timely petitioned to challenge it.

## *Discussion*

### I.    *Scope and Standard of Review*

Absent a contrary stipulation, our decision in this case is appealable to the U.S. Court of Appeals for the Ninth Circuit. *See* § 7482(b)(1)(G), (2). That court has held that, absent a proper challenge to the underlying liability, our scope of review in a collection case is confined to the administrative record. *See Keller v. Commissioner*, 568 F.3d 710, 718 (9th Cir. 2009), *aff'g in part* T.C. Memo. 2006-166, *and aff'g in part, vacating in part* decisions in related cases.

Our standard of review depends on whether the underlying liability is properly at issue. Where it is properly at issue, we review the determination regarding the liability de novo. *Sego v. Commissioner*, 114 T.C. 604, 609–10 (2000); *Goza v. Commissioner*, 114 T.C. 176, 182 (2000). And we review all other determinations for abuse of discretion. *Sego*, 114 T.C. at 610; *Goza*, 114 T.C. at 182. We will respect those determinations unless they are arbitrary, capricious, or without sound basis in fact or law. *See Murphy v. Commissioner*, 125 T.C. 301, 320 (2005), *aff'd*, 469 F.3d 27 (1st Cir. 2006).

Our review of collection cases is limited to issues the taxpayer properly raised during the administrative hearing. *Giamelli v. Commissioner*, 129 T.C. 107, 112–13 (2007). Petitioners did not indicate in their request for an administrative hearing that they were

[*4] challenging their underlying liability, nor did they challenge it at the administrative hearing. Accordingly, we confine our review to the administrative record, and we review Appeals' determination for abuse of discretion.

## II.  *Petitioners' Motion to Remand*

Petitioners seek remand for four reasons. First, they claim that SO Hart did not provide them with a detailed breakdown of how Collections calculated their ability to pay and that Collections miscalculated their ability to pay. They further claim that SO Hart and Collections knew that Mrs. Keith was a real estate agent, but Collections included incorrectly a one-time real estate commission check in its calculation of petitioners' monthly income. They also claim that Collections erred in including the $24,000 loan from their son in their monthly income calculation. Second, SO Hart delayed handling their case. Third, she erred in not considering their challenge to the underlying liability. Finally, they claim that between the administrative hearing and the filing of their Motion, their personal and financial circumstances have changed.

Respondent counters that SO Hart did not need to provide a detailed breakdown. He asserts that Collections' calculations did not significantly differ from petitioners' calculations of monthly income on their Form 433–A and Collections simply adjusted petitioners' monthly income to reflect their bank statements. Respondent also points out that the administrative record does not show petitioners ever informed SO Hart that Mrs. Keith was a real estate agent or that she received a commission check.[3] Nor does the record show that they ever challenged their underlying liability. Respondent blames petitioners for the delays in their case because they did not provide SO Hart with the Form 433–D and their 2021 tax return despite multiple requests and ample time to do so. He argues that petitioners' failure to provide those documents means it was not an abuse of discretion for Appeals to sustain the proposed levy. Lastly, he contends that petitioners have not shown how their personal and financial circumstances have changed.

---

[3] At the hearing for the two Motions before the Court, petitioners argued that SO Hart knew (or should have known) that Mrs. Keith was a real estate agent because that was the occupation listed for her on petitioners' 2018 tax return. Respondent does not appear to concede that SO Hart knew (or should have known) that Mrs. Keith was a real estate agent or that there was a commission check.

**[\*5]**    We may remand a case to Appeals if we decide a further hearing would be helpful, necessary, or productive. *Kelby v. Commissioner*, 130 T.C. 79, 86 n.4 (2008); *Lunsford v. Commissioner*, 117 T.C. 183, 189 (2001). The administrative record shows shortcomings on both sides. Petitioners should have provided the requested documents. SO Hart (and Collections) should have reviewed the documents petitioners provided more carefully. Petitioners have identified enough evidence in the administrative record to cause us to question whether the calculation of their ability to pay was flawed. We therefore will remand this case for Appeals to reconsider petitioners' ability to pay, and to afford petitioners a final opportunity to submit a legible 2021 tax return (as well as any other documents relevant to their assertions regarding their personal and financial circumstances).

In their Motion, petitioners also claim that their new representative challenged the underlying liability. We do not see evidence of this in the administrative record, and petitioners did not provide any evidence in their filings, or at the hearing. We do not consider issues not raised at the administrative hearing. *See Giamelli*, 129 T.C. at 112–13. Petitioners therefore are foreclosed from challenging their underlying liability on remand.

Because we are granting petitioners' Motion, we will deny respondent's Motion without prejudice to refile.

*An appropriate order will be issued.*