United States Court of Appeals,

Eleventh Circuit.

No. 95-4944.

ROYAL CARIBBEAN CRUISES, LTD., Plaintiff-Counter-Defendant-Appellee,

v.

UNITED STATES of America, Defendant-Counter-Claimant-Appellant.

March 25, 1997.

Appeal from the United States District Court for the Southern District of Florida. (No. 95-204-CIV-CCA), C. Clyde Atkins, District Judge.

Before ANDERSON, Circuit Judge, KRAVITCH[*], and HENDERSON, Senior Circuit Judges.

PER CURIAM:

Royal Caribbean Cruises, Ltd. ("Royal Caribbean") filed this tax action in the Southern District of Florida seeking a refund of taxes paid pursuant to 26 U.S.C. § 4471. The United States filed a counterclaim seeking additional taxes it claims Royal Caribbean owes under § 4471. Royal Caribbean moved for summary judgment, and the government cross-motioned for summary judgment on its counterclaim. The district court granted Royal Caribbean's motion and denied the government's motion. The government appealed.

I. FACTS

The material facts in this case are not in dispute. Royal Caribbean, a Miami-based cruise line, transports passengers on cruises which begin in Vancouver, Canada, travel along the Alaskan coast, and end in Vancouver, Canada. All of the passengers on

[*]Judge Kravitch was in regular active service when this matter was originally submitted but has taken senior status effective January 1, 1997.

these cruises begin and end their voyages in Vancouver, Canada. During the voyage, the Royal Caribbean ships stop at ports in Alaska and the passengers may leave their ship to go ashore. Some passengers do leave the ship during the Alaskan stopovers, but the passengers return before the ship sails again. These stopovers are of a short duration and do not last overnight.

Royal Caribbean ordinarily does not collect taxes under § 4471 for passengers who leave the ship during the Alaskan stopovers. However, Royal Caribbean collected the tax for one passenger and filed this lawsuit seeking a refund.

## II. STANDARD OF REVIEW

We review the appeal of a summary judgment de novo, applying the same legal standards as the district court. *Mize v. Jefferson City Bd. of Educ.,* 93 F.3d 739, 742 (11th Cir.1996).

## III. ANALYSIS

Section 4471 imposes a $3 per passenger tax on covered voyages:

§ 4471. Imposition of tax

(a) In general.—There is hereby imposed a tax of $3 per passenger on a covered voyage.

(b) By whom paid.—The tax imposed by this section shall be paid by the person providing the covered voyage.

(c) Time of imposition.—The tax imposed by this section shall be imposed only once for each passenger on a covered voyage, either at the time of first embarkation or disembarkation in the United States.

26 U.S.C. § 4471. Section 4472 defines covered voyages and provides in pertinent part:

§ 4472. Definitions

For purposes of this subchapter—

    (1) Covered voyage.—

        (A) In general.—The term "covered voyage" means that voyage of—

        (i) a commercial passenger vessel which extends over 1 or more nights

        ...

        during which passengers embark or disembark the vessel in the United States.

26 U.S.C. § 4472(1)(A).

At issue in this appeal is the meaning of the words "embarkation" and "disembarkation" in § 4471(c). Royal Caribbean argues that "embarkation" and "disembarkation" refer to the beginning and end of a voyage. Royal Caribbean thus believes that the tax in § 4471 should not be imposed on its Vancouver voyages because no passenger begins or ends a voyage in the United States. The government contends that "embarkation" and "disembarkation" refer to getting on and off a ship. As a result, the government argues that the tax in § 4471 applies when Royal Caribbean passengers get on or off the ships during Royal Caribbean's Alaskan stopovers.

A. *Statutory Language*

Our first step in addressing a question of statutory interpretation is to analyze the statutory language. If the words of the statute have an unambiguous meaning, we enforce that meaning absent a clear indication of congressional intent to the contrary. *RJR Nabisco, Inc. v. United States,* 955 F.2d 1457, 1460 (11th Cir.1992).

In this case, both parties argue with vigor that the statute is unambiguous. The government points to the language of §

4471(c), which provides for taxation "at the time of first embarkation or disembarkation in the United States." 26 U.S.C. § 4471(c). The government argues that the word "first" indicates that there can be multiple embarkations or disembarkations. There can be more than one instance of getting on or off a ship, the government argues, but there can be only one beginning or end of a voyage. The government thus contends that the word "first" supports the government's reading of the statute. The government also notes that § 4472 refers to a voyage during which the passengers "embark or disembark *the vessel*." 26 U.S.C. § 4472(1)(A) (emphasis added). This provision, the government argues, is framed in terms of getting on or off a vessel, not beginning or ending a voyage.

Royal Caribbean argues that §§ 4471 and 4472 are fundamentally concerned with voyages. Royal Caribbean notes that the language "first embarkation or disembarkation" may merely mean that the tax is to be imposed at the beginning or end of the voyage, whichever occurs in the United States first. For example, if a passenger begins the voyage in Vancouver and ends the voyage in Alaska, the end of the voyage is the "first embarkation or disembarkation" that occurs in the United States with respect to that passenger. Royal Caribbean also points out that the language in § 4472 regarding embarking or disembarking "the vessel" occurs within the subsection defining "covered voyage." *See* 26 U.S.C. § 4472(1). As a result, Royal Caribbean argues, the main thrust of the statute is voyages,

not getting on and off vessels.[1]

The government and Royal Caribbean both present well-reasoned interpretations of the statutory language.  However, the conflict in their interpretations reveals that, despite their protestations to the contrary, the statute is ambiguous.  We therefore examine the statute's legislative history and the applicable agency regulations in order to resolve this ambiguity.  *RJR Nabisco, Inc.,* 955 F.2d at 1462.

B. *Legislative History*

The House Conference Report (the "Conference Report") and the Senate Finance Committee Explanation (the "Senate Explanation") for this statute favor Royal Caribbean's interpretation of § 4471.  The government points out that the Senate Explanation states that the purpose of the tax in § 4471 is to "meet partially the expenses incurred by the United States in providing navigation, safety and other services to cruise ships and their passengers."  Senate Finance Comm. Explanation of Revenue Reconciliation Act of 1989, 101st Cong., 1st Sess., 135 Cong. Rec. 24,319, 24,359 (1989).  The government argues that this stated purpose indicates that Congress intended the tax to apply any time passengers get on or off ships in the United States.  However, the legislative history reveals

---

[1]Both parties point us to the dictionary definitions of "embark" and "disembark;" however, these definitions do not clarify this dispute.  "Embark" is defined as "to cause to go on board a boat or airplane," but a synonym for "embark," according to Webster's, is "to make a start:  COMMENCE."  Webster's New Collegiate Dictionary at 367 (1979).  "Disembark" is defined as "to put ashore from a ship ... to go ashore out of a ship."  *Id.* at 324.  The definition of "disembark" thus favors the government, but the definition of "embark" supports both parties' arguments.

that a harbor maintenance tax already applied to ships merely making stopovers in the United States. *Id.;* H.R. Conf. Report No. 386, 101st Cong., 1st Sess. 602 (1989), *reprinted in* 1989 U.S.C.C.A.N. 3018, 3205.

The Conference Report indicates that the tax in § 4471 is to be assessed "either on initial embarkation or disembarkation in the United States." 1989 U.S.C.C.A.N. at 3205. The Senate Report explains that the tax is to be assessed "when a passenger first embarks or disembarks in the U.S." 135 Cong. Rec. at 24,359. The use of the words "initial" and "first," like the use of the word "first" in § 4471(c), could be construed to mean that there can be multiple embarkations or disembarkations. This construction would suggest that "embarkation" and "disembarkation" mean "get on or off a ship" because there can be multiple instances of getting on or off a ship, but there can be only one beginning or end of a voyage. However, the Conference Report and Senate Explanation explain that the tax will apply to a vessel that "embarks from a United States port *on a voyage* ...." 1989 U.S.C.C.A.N. at 3205; 135 Cong. Rec. at 24,359 (emphasis added). By speaking in terms of "embark[ing] ... on a voyage," these legislative materials provide support for Royal Caribbean's argument that "embark" and "disembark" mean "begin or end a voyage."

C. *The Regulation*

The regulation applicable to § 4471 also favors Royal Caribbean's interpretation of "embark" and "disembark." The regulation provides that "a voyage may be a covered voyage with respect to a passenger even if the passenger does not make both an

outward and homeward passage or if the point of first embarkation or disembarkation by the passenger in the United States is an intermediate stop of the vessel." 26 C.F.R. § 43.4472-1(b). The regulation's reference to outward and homeward passages supports Royal Caribbean's reading of the statute. This language would be unnecessary if "embark" and "disembark" meant "get on or off the ship" because the tax would apply when a passenger got on or off the vessel, regardless of whether the passenger was making both an outward and a homeward passage. However, under Royal Caribbean's interpretation of "embark" and "disembark," this language is required in order to clarify that the tax applies even if a passenger does not make both an outward journey from and a homeward journey to the United States. For example, a passenger might board a cruise ship in Alaska, sail to Vancouver, and return to Alaska by airplane. Or, the passenger might sail from Vancouver, end the voyage in Alaska, and return to Vancouver by airplane. The regulation indicates that with respect to such passengers, the voyages are covered voyages. Under the government's interpretation of the statute, this clarification would not be needed.

Similarly, the regulation's reference to intermediate stops would be unnecessary if "embark" and "disembark" meant "get on or off the ship." If the government's interpretation of the statute were correct, the fact that the stop was intermediate would be immaterial as long as passengers were getting on or off the ship in the United States. However, the reference to intermediate stops is necessary if "embark" and "disembark" mean "begin or end a voyage" in order to clarify that an individual passenger's voyage may be

beginning, thus causing the tax to apply, even if the passenger boards the ship at an intermediate stop. For example, if a ship boards passengers in Vancouver, sails to Alaska where an additional passenger boards to begin an individual voyage, and then returns to Vancouver, this regulation provides that the voyage is a covered voyage with respect to the passenger who boarded the vessel in Alaska, even though the ship began its voyage in Vancouver.

D. *Summary*

Although the words "embarkation" and "disembarkation" are ambiguous as used in § 4471, we conclude that the most reasonable reading of these words, in light of the legislative history and applicable regulation, is that they mean "beginning or end of a voyage." This interpretation is consistent with the general rule of construction that ambiguous tax statutes are to be construed against the government and in favor of the taxpayer. *See Miller v. Standard Nut Margarine Co.,* 284 U.S. 498, 508, 52 S.Ct. 260, 263, 76 L.Ed. 422 (1932); *Gould v. Gould,* 245 U.S. 151, 153, 38 S.Ct. 53, 53, 62 L.Ed. 211 (1917); *Tandy Leather Co. v. United States,* 347 F.2d 693, 694–95 (5th Cir.1965).[2] We therefore hold that the tax provided for in § 4471 is not applicable when passengers who begin and end their voyages at foreign ports get on or off a ship during a stopover in the United States. Instead, this tax is only applicable when passengers begin or end their voyages in the United States.

---

[2]In *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir.1981) (en banc), this court adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981. *Id.* at 1209.

## IV. CONCLUSION

For the foregoing reasons, the judgment of the district court granting Royal Caribbean's motion for summary judgment and denying the government's motion for summary judgment is affirmed.

AFFIRMED.