[PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-10707

_____

CARL L. GREGORY,
LEILA GREGORY,

Petitioners-Appellants,

*versus*

COMMISSIONER OF INTERNAL REVENUE,

Respondent-Appellee.

_____

Petition for Review of a Decision of the
U.S. Tax Court
Agency No. 10336-18

_____

Before WILSON, JORDAN, and BRASHER, Circuit Judges.

BRASHER, Circuit Judge:

This appeal is a tax dispute over a yacht. It raises an issue of first impression about whether hobby losses under Section 183(b)(2) of the Internal Revenue Code should be treated as miscellaneous itemized deductions. This treatment matters for many reasons, including because taxpayers (during the relevant time) could deduct miscellaneous itemized deductions only for amounts that exceeded two percent of their adjusted gross income.

Carl and Leila Gregory chartered their yacht, *Lady Leila*, in 2014 and 2015. They did not conduct the chartering activity for profit—it was a hobby. Though the hobby generated income, it also incurred sizeable expenses each year. The Gregorys deducted some of those expenses under Section 183(b)(2) and placed them "above the line" to reduce their gross income. After an audit, the Commissioner determined that the Section 183(b)(2) deductions were miscellaneous itemized deductions under Section 67, meaning that they belonged "below the line" and reduced adjusted gross income, not gross income. Moreover, because the Gregorys had earned tens of millions of dollars in 2014 and 2015 and, at that time, the Code allowed miscellaneous itemized deductions only to the extent that they exceeded two percent of adjusted gross income, the Commissioner disallowed the Section 183(b)(2) deductions altogether. Facing deficiencies and penalties, the Gregorys petitioned

the Tax Court, which granted summary judgment for the Commissioner. They now seek appellate review.

Everyone agrees that Section 183(b)(2) allows a deduction for a certain amount of hobby losses, which is capped at the hobby's gross income. But we must decide *where* those deductions belong on a taxpayer's return: above the line (reducing gross income) or below the line as miscellaneous itemized deductions (reducing adjusted gross income). We believe the provisions of the Internal Revenue Code, taken together, answer this question and hold that Section 183(b)(2) expenses are below-the-line miscellaneous itemized deductions. We agree with the Tax Court and deny the petition for review.

## I.

We begin by reciting the relevant facts, which are not disputed. In 2011, the Gregorys formed CLC Ventures, Ltd., a Cayman Islands corporation, to own and charter a yacht named *Lady Leila*. Because CLC elected for treatment as a disregarded entity, the Gregorys reported CLC's income and expenses on their personal returns. It is undisputed that CLC was not engaged in for profit within the meaning of I.R.C. § 183.

The Gregorys filed joint tax returns for 2014 and 2015, reporting CLC's income and expenses on their Schedule C (Profit or Loss from Business). In March 2018, the Commissioner issued a Notice of Deficiency to the Gregorys for tax years 2014 and 2015. Because CLC lacked a profit motive, the Commissioner adjusted

the Gregorys' returns, recharacterizing CLC's income as "Other Income" and its expenses as "Itemized Deductions" on the Gregorys' Schedule A. The Commissioner further classified the itemized deductions as miscellaneous itemized deductions, meaning they were allowable only to the extent that they exceeded two percent of the Gregorys' adjusted gross income under I.R.C. § 67(a).

The Gregorys reported taxable income[1] of $19,666,293 and $80,154,735 for 2014 and 2015, respectively, and the Commissioner disallowed all deductions attributable to CLC except for several hundred dollars of taxes and licensing expenses. The Commissioner then assessed over three hundred thousand dollars in deficiencies and penalties.

The Gregorys petitioned the Tax Court to reconsider the deficiencies, arguing that hobby expenses under Section 183(b)(2) are not miscellaneous itemized deductions subject to the two-percent floor imposed by Section 67(a). The Tax Court disagreed, determining that the Code's plain language and statutory scheme confirmed that Section 183(b)(2) grants a miscellaneous itemized deduction. The Gregorys filed a motion for reconsideration, which the Tax Court denied. The Tax Court issued a final decision upholding the deficiencies—$267,221 in total—but not the penalties.

---

[1] The Gregorys' adjusted gross income is not in the record. But all agree that it was too high to take a deduction for their hobby losses if those losses are treated as miscellaneous itemized deductions subject to Section 67's two-percent floor.

The Gregorys timely appealed.

## II.

We review the Tax Court's ruling on a summary judgment motion *de novo*. *Roberts v. Comm'r*, 329 F.3d 1224, 1227 (11th Cir. 2003). The Tax Court's application of statutes and conclusions of law also receive *de novo* review. *Peterson v. Comm'r*, 827 F.3d 968, 986 (11th Cir. 2016).

## III.

### A.

Before discussing the parties' arguments, we explain the statutory scheme for above- and below-the-line income tax deductions. To be clear, our background discussion of the relevant statutory scheme is meant to give context to the parties' specific arguments. The Code has a byzantine character, and exceptions to the following generalizations may apply in certain circumstances.

Income tax deductions reduce taxes owed by reducing the overall amount of income that is subject to a tax. The Code distinguishes—albeit not explicitly—two principal classes of deductions: above-the-line and below-the-line. Above-the-line deductions reduce gross income, that is, "all income from whatever source derived," and are enumerated in Section 62(a). I.R.C. §§ 61(a), 62(a). Gross income minus above-the-line deductions equals adjusted gross income. *Id.* § 62. After calculating adjusted gross income, taxpayers can invoke *another* round of deductions to lower adjusted

gross income. *See id.* § 63(a). These deductions are commonly described as "below-the-line" because they occur after applying the Section 62 deductions to gross income. *See Cole v. Comm'r*, No. 14402-11S, 2013 WL 1798975, at *4 n.4 (T.C. Apr. 29, 2013) (describing "below-the-line" deductions as "including itemized deductions and" the deductions listed in Section 63(b)). Most below-the-line deductions are "itemized" deductions and available only to taxpayers like the Gregorys who do not take the standard deduction. *See id.* § 63(b), (d), (e). Subtracting the below-the-line deductions from adjusted gross income yields taxable income. *Id.* § 63.

The amount and type of deductions available to taxpayers "depend[] upon legislative grace." *See New Colonial Ice Co. v. Helvering*, 292 U.S. 435, 440 (1934). Put differently, there is no general right to a deduction. And not all deductions are created equal. For instance, taxpayers can usually deduct the full amount of business expenses, but other kinds of expenses must rise above a statutory floor to trigger a deduction or may not be available to taxpayers whose income exceeds a certain threshold. *Compare, e.g.*, I.R.C. § 162(a) (allowing an uncapped deduction for "all the ordinary and necessary expenses paid or incurred . . . in carrying on any trade or business"), *with, e.g.*, *id.* § 213(a) (allowing a deduction for medical expenses "to the extent that such expenses exceed 7.5 percent of adjusted gross income").

Except for twelve deductions identified in Section 67(b), all itemized deductions are "miscellaneous itemized deductions." *Id.*

§ 67(b). During the relevant time period, the law allowed a taxpayer to deduct miscellaneous itemized deductions "only to the extent that the aggregate of such deductions exceed[ed] 2 percent of adjusted gross income." *Id.* § 67(a). In other words, a taxpayer could deduct only the portion of miscellaneous itemized deductions that surpassed two percent of the taxpayer's adjusted gross income. *See* Ted D. Englebrecht et al., *Trusts Face Limit on Investment Advisory Fee Deduction*, 77 Prac. Tax Strategies 92, 92 (2006) ("Section 67(a) limits an individual's miscellaneous itemized deductions to the amount that exceeds 2% of adjusted gross income."); Fed. Tax Coordinator 2d (Res. Inst. Am.) ¶ A-1311 (Apr. 2023 update) (describing this principle); *Job Search Expenses Can Be Tax Deductible*, I.R.S. (Aug. 4, 2012) ("The amount of your miscellaneous deduction that exceeds two percent of your adjusted gross income is deductible.").

This two-percent floor rendered miscellaneous itemized deductions of little value to most taxpayers. After the relevant time period here, Congress amended the Code to disallow all miscellaneous itemized deductions of whatever amount, rendering them of even less value. But this provision is set to sunset in 2025. I.R.C. § 67(g).

### B.

We now turn to the parties' arguments. The Tax Court held that hobby losses under Section 183(b)(2) are miscellaneous itemized deductions that are applied below the line and subject to the two-percent floor imposed by Section 67(a). Because the Gregorys'

miscellaneous itemized deductions did not exceed two percent of their adjusted gross income, the Tax Court disallowed almost all their deductions attributable to *Lady Leila*. The Gregorys dispute this reasoning. They argue that Section 183(b)(2) creates an above-the-line deduction for income-producing hobbies. Accordingly, they contend that the Tax Court erred in classifying their hobby losses as miscellaneous itemized deductions subject to below-the-line treatment and to the two-percent floor under Section 67. We are not persuaded.

The language of the relevant statutory provisions settles this question. *See Mamani v. Berzain*, 825 F.3d 1304, 1309 (11th Cir. 2016). We presume that the Internal Revenue Code "says . . . what it means and means . . . what it says." *See Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 254 (1992). We therefore begin our statutory interpretation with the words of the statutes themselves. *Harris v. Garner*, 216 F.3d 970, 972 (11th Cir. 2000) (en banc). Still, "[s]tatutory provisions are not written in isolation." *In re Shek*, 947 F.3d 770, 776 (11th Cir. 2020). A provision's meaning must consider both the "particular statutory language at issue" and "the language and design of the statute as a whole." *Id.* at 777 (quoting *K Mart Corp. v. Cartier, Inc.*, 486 U.S. 281, 291 (1988)).

Three provisions of Section 183 are relevant. First, Section 183(a) prohibits all hobby loss deductions except for those allowable in Section 183(b). I.R.C. § 183(a) (stating that, if an "activity engaged in by an individual or an S Corporation" is "not engaged in

for profit, no deduction attributable to such activity shall be allowed under this chapter except as provided in this section"). Second, Section 183(b)(1) grants activities not engaged in for profit (e.g., hobbies) the same deductions "allowable under this chapter . . . without regard to whether or not such activity is engaged in for profit." *Id.* § 183(b)(1). Third, and this is the disputed provision, Section 183(b)(2) allows "a deduction equal to the amount of deductions . . . allowable under this chapter . . . only if such activity were engaged in for profit." *Id.* § 183(b)(2). But the amount of this deduction cannot exceed the difference between the hobby's gross income and the deductions allowed under Section 183(b)(1). *See id.* Thus, the law caps a Section 183(b)(2) deduction at the amount of the hobby's "gross income" minus the deductions claimed under Section 183(b)(1).

Everyone agrees that Section 183(b)(2) allows the Gregorys a potential deduction for their hobby losses from chartering *Lady Leila* because they could deduct those losses "if such activity were engaged in for profit." *Id.* Everyone also agrees that the amount of that deduction is capped at the hobby's gross income less the deductions taken under Section 183(b)(1). *Id.* § 183(b)(1)–(2). But how should Section 183(b)(2)'s deduction be treated? Is it an above- or below-the line deduction? If the latter, is it a miscellaneous itemized deduction subject to the two-percent floor?

Section 183 does not expressly answer these questions. In this respect, Section 183(b)(2) resembles many other Code provisions that identify an allowable deduction but do not account for

that deduction's placement above or below the line. For example, Section 162(a) allows a deduction for trade and business expenses. But, to find out how to treat that deduction, we must look at Section 62, which provides that deductions for trade and business expenses reduce the taxpayer's gross income and therefore belong above the line. *See id.* § 62(a)(1). Likewise, many other deductions are granted in one Code section, but limited, capped, or circumscribed in other sections. *See, e.g., id.* § 161 (allowing itemized deductions for individuals and corporations); *id.* § 262(a) (disallowing itemized deductions for "personal, living, or family expenses"); *id.* § 68 (phasing out itemized deductions when the taxpayer's "adjusted gross income exceeds" a certain amount). Section 183 fits this pattern; it provides a deduction, but other sections tell taxpayers whether and how they may benefit from it.

For their part, the Gregorys resist this reasoning and argue that, unlike other Code provisions, Section 183(b)(2) *does say* how the deduction should be treated. Specifically, they assert Section 183(b)(2) creates an above-the-line deduction that is not subject to the two-percent floor. The Gregorys make two text-based arguments in support of this reading, but neither is persuasive.

First, the Gregorys argue that Section 183(b)(2) does not confer a *specific* deduction but a deduction *framework*. That framework, as the argument goes, requires us to treat Section 183(b)(2) expenses the same as business expenses in all respects. The Gregorys contend that, because Section 183(b)(2) waives the for-profit requirement for other deductions in Chapter 1 of the Code, Section

183(b)(2) deductions receive the same placement as trade and business deductions on a taxpayer's return. If the Gregorys had conducted their chartering activities for profit, they could have deducted trade and business expenses from *Lady Leila* under Section 162 and placed that deduction above the line under Section 62(a). *See Est. of Sherrod v. Comm'r*, 774 F.2d 1057, 1064 (11th Cir. 1985) ("Section 162 permits the deduction of business expenses in arriving at *adjusted gross income . . . .*") (emphasis added). They therefore conclude that their Section 183(b)(2) expenses attributable to *Lady Leila* are deductible above the line just as if they were trade or business expenses.

The text does not support the Gregorys' argument that Section 183(b)(2)'s deduction must be given the same priority and placement as a trade or business expense. Section 183(b)(2) grants "a deduction equal to the *amount* of the deductions" allowable for activities engaged in for profit. I.R.C. § 183(b)(2). Despite referring to business activities to set the deduction "amount," in no other respect does Section 183(b)(2) instruct us to treat that deduction the same as a business expense. *Amount* is not *kind*. *Compare Amount, Oxford English Dictionary* (online ed. Dec. 2022) (defining "amount" as "[a] *quantity* of something; a portion or measure) (emphasis added) *with Kind, id.* (defining "kind" as "[a] *class or category* of things distinguished by common characteristics" or "a particular variety or type") (emphasis added). And, of course, even the "amount" of the hobby loss deduction under Section 183 is different from the amount of a comparable deduction available to a for-profit business because the Section 183 deduction is capped at the

hobby's income. *See* I.R.C. § 183(b)(2). In short, Section 183(b)(2) permits a deduction otherwise disallowed by Section 183(a) and identifies its amount. But the deduction allowed by Section 183(b)(2) is its own thing, not a trade or business expense.

Second, the Gregorys argue that, because Section 183(b)(2) caps the deduction amount at the hobby's gross income minus the Section 183(b)(1) deductions, we can surmise that Section 183(b)(2) expenses are supposed to reduce a taxpayer's *gross income*—not the taxpayer's *adjusted gross income*—and therefore belong above the line. That argument also misses the mark. The Section 183(b)(2) cap is based on the *hobby's* gross income; above-the-line deductions reduce an *individual's* overall gross income from whatever source. These are two very different things. Section 183(b)(2) limits deductible hobby losses "to the extent that the *gross income derived from such activity* [i.e., the hobby] . . . exceeds the deductions allowable by [Section 183(b)(1)]." *Id.* § 183(b)(2) (emphasis added). The Code defines "gross income" as "all income from whatever source derived." *Id.* § 61(a). The "gross income derived from [the hobby]," *id.* § 183(b)(2), therefore means all income *from the hobby*, not the taxpayer's *total* gross income. The Tax Court correctly concluded that Section 183(b)(2)'s reference to "gross income" merely concerns the maximum allowable deduction *amount* under Section 183(b)(2). It is a benchmark for capping the deduction—it is not a command to apply hobby loss deductions against a taxpayer's total gross income.

Because the text of Section 183 does not tell us how to treat the hobby loss deduction it provides, we must turn to other provisions of the Code to answer that question. *See Hagans v. Comm'r of Soc. Sec.*, 694 F.3d 287, 296 (3d Cir. 2012) ("When a statute is 'complex and contains many interrelated provisions,' it may be 'impossible to attach a plain meaning to provisions in isolation.'" (quoting *Cleary ex rel. Cleary v. Waldman*, 167 F.3d 801, 807 (3d Cir. 1999))). Those provisions are Section 62, Section 63, and Section 67. As explained below, those provisions establish that Section 183(b)(2) deductions are below-the-line and must exceed two percent of a taxpayer's adjusted gross income before they become deductible. We will walk through each provision in turn.

We start with Section 62, which lists all above-the-line deductions that reduce gross income. *See* I.R.C. § 62(a) (describing over a dozen above-the-line deductions). These deductions include trade and business expenses, *id.* § 62(a)(1), "losses from the sale or exchange of property," *id.* § 62(a)(3), and certain attorney's fees, *id.* § 62(a)(21). The list of above-the-line deductions in Section 62(a) is exhaustive. Nothing in Section 62's text suggests that Congress hid other above-the-line deductions elsewhere in the Code. *See id.* § 62. And Section 62 nowhere mentions Section 183 or hobby expenses within its comprehensive list of above-the-line deductions. *See id.* § 62(a)(1)–(21); Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 93 (2012) (observing that courts should not "elaborate unprovided-for exceptions to a text"); *EEOC v. Abercrombie & Fitch Stores, Inc.*, 575 U.S. 768, 774 (2015) ("We construe

. . . [a statute's] silence as exactly that: silence."). Accordingly, Section 183 deductions are not above-the-line.

Next, we move to Section 63. Section 63(d) defines "itemized deductions" as all deductions except (1) the above-the-line deductions listed in Section 62 and (2) "any deduction referred to in any paragraph of subsection (b) [of Section 63]." *Id.* § 63(d). For its part, Section 63(b) lists four deductions: the standard deduction, the personal exemption deduction under Section 151, the qualified business income deduction under Section 199A, and the charitable contribution deduction under Section 170(p). *Id.* § 63(b). Again, Section 183 is nowhere to be found. The Section 183 deduction must therefore be an "itemized deduction."

Lastly, we come to Section 67. Section 67(a) imposes the two-percent floor on "miscellaneous itemized deductions." *Id.* § 67(a). In Section 67(b), the statute defines "miscellaneous itemized deductions" as all "itemized deductions" other than twelve specific listed deductions, none of which mentions hobby expenses or Section 183. *See id.* § 67(a)–(b). Thus, Section 183(b)(2) expenses are miscellaneous itemized deductions and deductible "only to the extent that the aggregate of such deductions exceeds 2 percent of adjusted gross income." *Id.* § 67(a).

We note that our reading of these statutes is consistent with other courts and IRS regulations. Although none of our sister circuits has addressed the Gregorys' arguments, several lower courts have reached the same conclusion we do here. *See, e.g., Purdey v. United States*, 39 Fed. Cl. 413, 417 (1997) (concluding that Section

183(b)(2) deductions are miscellaneous itemized deductions because Section 67(b) does not exclude them); *Strode v. Comm'r*, 109 T.C.M. (CCH) 1599, 2015 WL 3897787, at *11 n.12 (2015) (same). Likewise, the IRS provides by regulation that "expenses that . . . are subject to the 2-percent floor include . . . [e]xpenses for an activity for which a deduction is otherwise allowable under section 183." 26 C.F.R. § 1.67-1T(a)(1).

Tax analysts and commentators also agree that "expenses of an activity not carried on for profit are" one of "the principal categories of miscellaneous itemized deductions." B. Bittker & L. Lokken, *Federal Taxation of Income, Estates and Gifts* ¶ 30.4.2 (July 2022). Leading tax treatises inform tax practitioners that "[d]eductions for hobby activities are claimed as itemized deductions on Schedule A" and "[e]xpenses . . . allowed under the hobby loss rules are 'miscellaneous itemized deductions.'" Fed. Tax Coordinator 2d (Res. Inst. Am.) ¶ M-5804 (Apr. 2023 update); *see also* 1 Richard D. Blau et al., *S Corporations Federal Taxation* § 7:29 (Nov. 2022 update) (same); *33 Am. Jur. 2d Federal Taxation* ¶ 1153 (May 2023 update) (same); 1 Edward F. Koren, *Estate, Tax and Personal Financial Planning* § 4:10 n.15 (Mar. 2023 update) (same). Put another way, Section 183(b)(2) deductions "must be taken as miscellaneous itemized deductions subject to the 2%-of-AGI (adjusted gross income) reduction (Section 67)." Donald Samelson, *The Income Tax Aspects of Artistic Activities*, 93 Prac. Tax Strategies 244, 244 (2014).

In summary, the Tax Court correctly calculated the Gregorys' tax liability. Section 183(b)(2) allows a deduction for hobby

losses but does not say whether it belongs above or below the line. Section 62, however, places that deduction below the line. Because Sections 63 and 67 also omit Section 183, hobby expenses deducted under Section 183(b)(2) are miscellaneous itemized deductions. During the relevant time period, these deductions were subject to a two-percent floor on adjusted gross income. The result is that Section 183(b)(2) gave the Gregorys a deduction for their expenses from operating *Lady Leila,* but Section 67 did not allow them to take that deduction because they could not meet the two-percent threshold for miscellaneous itemized deductions.

*C.*

In response to this plain-text analysis, the Gregorys make five additional arguments. None is persuasive.

First, the Gregorys argue that we "recognized the connection between Section 183 deductions and the analogous adjustments under Section 162" in *Brannen v. Commissioner*, 722 F.2d 695 (11th Cir. 1984). In *Brannen*, taxpayer-Brannen invested in a limited partnership to purchase a "spaghetti western" film to distribute in the United States. *Brannen*, 722 F.2d at 697–700. The film flopped, and the Commissioner disallowed certain losses claimed by Brannen "because the purchase and subsequent distribution of the movie [by the limited partnership] was an activity 'not engaged in for profit.'" *Id.* at 701. In affirming the Tax Court, we stated that "Section 183 takes effect only when the taxpayer is engaged in an activity . . . not otherwise entitled to claimed deductions under Sections 162 or 212." *Id.* at 704. Thus, in assessing profit motive, "we

must first determine whether the taxpayer was entitled to deductions under Section 162." *Id.* After deciding that the partnership was not "entered into with the dominant hope and intent of realizing a profit" and therefore not eligible for Section 162 deductions, we held that the partnership could take deductions for "cash paid for the movie, to the extent of the gross income derived from the activity" under Section 183(b)(2). *Id.* at 704, 706.

*Brannen* correctly describes the relationship between Section 162 and Section 183(b)(2) in determining *profit motive*. Though we held that Brannen could deduct certain expenses to the extent of gross income derived from the partnership under Section 183(b)(2), we did not opine on the placement of those deductions or whether hobby losses belong above or below the line. Moreover, Congress did not enact Section 67, which imposed the two-percent floor on miscellaneous itemized deductions, until 1986, a couple of years after this Court decided *Brannen*. *See* Tax Reform Act of 1986, Pub. L. No. 99-514, 100 Stat. 2085, 2113–14. Accordingly, *Brannen* does not stand for the proposition that Section 183(b)(2) confers an above-the-line deduction, and the Gregorys' reliance on it is misplaced.

Second, the Gregorys contend that our interpretation of Section 183(b)(2) contravenes congressional intent. They point to legislative history, arguing that Congress enacted Section 183 to prevent wealthy taxpayers from generating artificial losses, not to pre-

vent taxpayers from deducting legitimate hobby expenses. This intent explains, for example, why Congress capped the Section 183(b)(2) deduction.

This argument misses the point. The Gregorys have a deduction for their hobby losses under Section 183—just as Congress intended. But they cannot benefit from that deduction because another Code provision, Section 67, requires that—to actually take a deduction for a miscellaneous itemized deduction such as the one for hobby losses—"the aggregate of such deductions [must] exceed[] 2 percent of adjusted gross income." I.R.C. § 67(a). When Congress enacted Section 67, it affected taxpayers' ability to benefit from the already-existing deductions that the Code provided. Congress has revealed its intent, and "we must give effect to" it. *Miller v. French*, 530 U.S. 327, 336 (2000) (quoting *Sinclair Refin. Co. v. Atkinson*, 370 U.S. 195, 215 (1962)); *see also Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837, 842–43 (1984) (holding that courts "must give effect to the unambiguously expressed intent of Congress").

Third, the Gregorys urge us to resolve any statutory ambiguity in their favor because "ambiguous tax statutes are to be construed against the government and in favor of the taxpayer." *Royal Caribbean Cruises, Ltd. v. United States*, 108 F.3d 290, 294 (11th Cir. 1997). But there is no ambiguity in the tax statutes at issue here. *See generally Kisor v. Wilkie*, 139 S. Ct. 2400, 2415 (2019) (explaining that a provision is "genuinely ambiguous" only when, after a court has

exhausted "all the 'traditional tools' of construction," an "interpretive question still has no single right answer" (quoting *Chevron*, 467 U.S. at 843 n.9)). As explained above, a straightforward reading of Section 62, Section 63, and Section 67 establishes that the deduction provided in Section 183(b)(2) is a below-the-line miscellaneous itemized deduction.

Fourth, citing the canon against implied repeals, the Gregorys posit that our reading of Section 62, Section 63, and Section 67 implicitly repeals Section 183(b)(2). *See, e.g.*, *Posadas v. Nat'l City Bank of N.Y.*, 296 U.S. 497, 503 (1936) (describing repeal by implication). Not so. This case does not implicate the presumption against implied repeal because we can read the relevant Code sections harmoniously. Section 183(b)(2) grants a deduction for certain hobby expenses; Sections 62 and 63 place that deduction below the line as an itemized deduction; Section 67 renders it a miscellaneous itemized deduction subject to the two-percent floor. Because our reading of Sections 62, 63, and 67 does not contravene or undermine Section 183(b)(2), the presumption against implied repeal—and implied amendment—are inapposite.

Fifth, the Gregorys argue that our reading would lead to an odd or absurd result. A court may "disregard[] or judicially correct[]" a statutory provision "if failing to do so would result in a disposition that no reasonable person could approve." Scalia & Garner, *supra*, at 234 (alteration omitted). When "the literal reading of a statutory" provision compels an odd or absurd result, "we must search for other evidence" to avoid that result. *Pine v. City of*

*West Palm Beach*, 762 F.3d 1262, 1272 (11th Cir. 2014) (quoting *Pub. Citizen v. U.S. Dep't of Just.*, 491 U.S. 440, 454 (1989)). But courts should invoke the absurdity doctrine only when "the absurdity is 'so gross as to shock the general moral or common sense.'" *Packard v. Comm'r*, 746 F.3d 1219, 1222 (11th Cir. 2014) (quoting *Crooks v. Harrelson*, 282 U.S. 55, 60 (1930)).

The Gregorys contend that applying Section 67's two-percent floor to deductions under Section 183(b)(2) creates an absurd result because a taxpayer will need either a very low income or very large hobby losses (and hobby income) to benefit from the deduction. We disagree. This consequence may be unfavorable for the Gregorys, but it is not absurd. The absurdity doctrine should "correct obviously *unintended* dispositions, not . . . revise purposeful dispositions." Scalia & Garner, *supra*, at 239. Here, Congress deliberately devised the complained-of result by imposing the two-percent floor on miscellaneous itemized deductions. Congress can cap or reduce taxpayer eligibility for a tax deduction if it wants, and, here, it elected to do so.

## IV.

The petition is **DENIED**.

WILSON, J., Concurring                    22-10707

WILSON, Circuit Judge, concurring:

I agree with the majority's holding that hobby expenses under Section 183(b)(2) of the Internal Revenue Code are below-the-line miscellaneous itemized deductions, but I would reach this conclusion differently. In my view, the plain language of Section 183(b)(2) is ambiguous. Thus, I would look to Congress' intent to determine whether Section 183(b)(2) expenses are to be deducted above the line (reducing gross income) or below the line as miscellaneous itemized deductions (reducing adjusted gross income (AGI)).

The majority concludes that the plain language of the relevant statutory provisions—namely, Sections 183, 62, 63, and 67—settles the question of whether Section 183(b)(2) creates an above-the-line deduction for income-producing hobbies. Maj. Op. at 8, 13–16. As the majority correctly notes "the text of Section 183 does not tell us how to treat the hobby loss deduction it provides." Maj. Op. at 13. But rather than turn to other Code provisions to deduce the meaning of Section 183, I would look to congressional intent for guidance. We look beyond a statute's plain language to extrinsic materials to determine congressional intent if the statute's language is ambiguous. *United States v. DBB, Inc.*, 180 F.3d 1277, 1281 (11th Cir. 1999). "A word or phrase is ambiguous when the question is which of two or more meanings applies." Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts 32*

(2012). Our function as the judiciary "in construing a statute is limited to ascertaining the intention of the Legislature therein expressed." *Ebert v. Poston*, 266 U.S. 548, 554 (1925).

Here, the language of Section 183(b)(2) is ambiguous because it creates a question of "which of two or more meanings applies." Scalia & Garner, *supra*. For hobbies not engaged in for profit, Section 183(b)(2) permits

> a deduction equal to the amount of the deductions which would be allowable . . . only if such activity were engaged in for profit, but only to the extent that the gross income derived from such activity . . . exceeds the deductions allowable by reason of [Section 183(b)(1)].

Under the Commissioner's interpretation of this provision, hobby expenses are miscellaneous itemized deductions subject to Section 67's two-percent floor and are deductible below the line against AGI. Under the Gregorys' interpretation, hobby expenses are akin to business expenses and thus can be deducted above the line against gross income. Yet, on its face, Section 183(b)(2) simply does not tell us whether hobby expenses are miscellaneous itemized deductions or if they may be treated as business expenses. Indeed, based on a facial reading of the plain text, either interpretation seems plausible. Given the ambiguity in the statutory language, we can—and should—look to extrinsic materials to ascertain how Congress intended hobby expenses to be treated under the tax code. *See DBB, Inc.*, 180 F.3d at 1281.

Fortunately, the legislative history quickly clears up any ambiguity. Specifically, the December 2017 conference report for the Tax Cuts and Jobs Act[1] confirms that hobby expenses are below-the-line miscellaneous itemized deductions that are deductible against AGI and subject to Section 67's two-percent floor. The conference report repealed certain miscellaneous itemized deductions subject to Section 67's two-percent floor for taxable years beginning after December 31, 2017. *See* H.R. REP. NO. 115-466, at 273, 276 (2017) (Conf. Rep.). The report provides a non-exhaustive list of items that, under then-present law, were deductible under Section 67 provided they exceeded two percent of the taxpayer's AGI. *Id*. at 273–74. Among the list of examples were "[h]obby expenses, but generally not more than hobby income." *Id*. at 274. Thus, the conference report confirms that during the relevant time in this case—tax years 2014 and 2015—Congress indeed intended hobby expenses to be treated as miscellaneous itemized deductions subject to Section 67's two-percent floor.

Like the majority, I would deny the petition.

---

[1] Pub. L. No. 115-97, § 11045, 131 Stat. 2054 (2017).