[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-10667

Non-Argument Calendar

_____

MARTIN G. PLOTKIN,

Petitioner-Appellant,

*versus*

COMMISSIONER OF INTERNAL REVENUE,

Respondent-Appellee.

_____

Petition for Review of a Decision of the
U.S. Tax Court
Agency No. 16224-14L

_____

Before LAGOA, HULL, and WILSON, Circuit Judges.

PER CURIAM:

Martin Plotkin, proceeding *pro se*, petitions for review of the United States Tax Court's final order and memorandum opinion that, taken together, sustained the Internal Revenue Service's ("IRS") notice of intent to levy to collect unpaid federal income tax liabilities totaling approximately $1.8 million for tax years 1991 to 1995.

For over a decade, the IRS has attempted to collect Plotkin's tax deficiencies reflected in an approximately $1.8 million final judgment. As we presume the parties are familiar with the facts and procedural history of Plotkin's extensive tax proceedings, we will recount only the facts and procedural history necessary to our ruling below, which affirms the Tax Court's decision sustaining the IRS's notice of intent to levy.

## I. BACKGROUND

### A.    Plotkin's Underlying Tax Liability

Plotkin is a former attorney and graduate of University of Pennsylvania's Wharton School. *See Plotkin v. Comm'r of IRS*, 498 F. App'x 954, 955-958 (11th Cir. 2012). In 1980, Plotkin purchased a controlling interest in a company that owned and operated nursing homes. *Id.* at 955-56. Plotkin received substantial income from one nursing home in particular, but he failed to report that income. *Id.* at 957-58.

In 1999, Plotkin was criminally convicted of three counts of willfully making and subscribing false income tax returns under the Internal Revenue Code ("the Code") § 7206(1). *Id.* The district court found that Plotkin willfully and falsely reported his income for the years 1991, 1992, and 1993 and sentenced him to five years of probation. *Id.* at 958.

Subsequently, in 2008, the IRS issued Plotkin a notice of deficiency for tax years 1991 through 1995. The IRS determined that (1) Plotkin failed to report these amounts of self-employment income: $302,319 in 1991; $172,081 in 1992; $138,490 in 1993; $135,611 in 1994; and $805,246 in 1995, and (2) Plotkin owed a total income tax deficiency of $589,276 for those five years, plus "estimated tax additions" and "fraud penalties." *Id.*; *Plotkin v. Comm'r*, 102 T.C.M. (CCH) 450, *19 (2011).

Plotkin petitioned the Tax Court for a redetermination of his tax deficiencies, and after a trial, the Tax Court entered judgment in favor of the IRS. *Plotkin*, 498 F. App'x at 958-59. In 2012, this Court affirmed the Tax Court's decision. *Id.* at 959-61. The IRS's attempts to collect began but became bogged down in protracted challenges by Plotkin.

## B. Collection Proceedings in 2013

Starting in July 2013, the IRS issued Plotkin a letter notifying him of its intent to collect the assessed tax liabilities by levy. The notice indicated that Plotkin's unpaid tax liabilities now totaled $1,876,431.28.

The next month, Plotkin requested a collection due process hearing, 26 U.S.C. § 6330(b), which was conducted through correspondence. Plotkin's reason for the hearing request was, *inter alia*, "Notice invalid and amounts shown incorrect[.]"

The IRS asked Plotkin to complete a standard Form 433-A Collection Information Statement in order to balance his financial condition with its need to collect the money by levy, *see id.* § 6330(c)(3)(C)[1], but Plotkin did not complete the form.

The IRS Office of Appeals ("Appeals Office") advised Plotkin that it could not consider a challenge to his underlying tax liabilities because he previously challenged and lost in the Tax Court and in this Court. The Appeals Office, however, offered three times "to consider alternative collection methods such as currently not collectible, installment agreement or offer in compromise" if Plotkin would provide the necessary collection-information statement, but Plotkin did not submit the statement.

The Appeals Office sustained the collection determination. On June 9, 2014, the Appeals Office issued a notice of determination sustaining the proposed levy to collect Plotkin's income tax liabilities for tax years 1991 through 1995. The notice stated that all statutory requirements to impose a levy were met

---

[1] Code § 6330(c)(3)(C)'s balancing test requires the appeals officer to consider "whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection action be no more intrusive than necessary." 26 U.S.C. § 6330(c)(3)(C).

and also noted that Plotkin challenged only the fact of his liability and "did not cooperate in the determination of an alternative to enforced collections."

## C.    Plotkin's Petition for Tax Court Review

In July 2014, Plotkin petitioned the Tax Court to review the Appeals Office's determination sustaining the notice of intent to levy.  Both Plotkin and the IRS moved for summary judgment.

In its motion, the IRS conceded that $15,073.68 was erroneously reinstated to Plotkin's total tax liabilities, as this amount was based on tax assessments from tax years 1991 through 1993 that previously were written-off as uncollectible because the ten years to collect those assessed tax liabilities expired in 2004. The IRS also explained that it would not seek to recover $6,000 that it erroneously credited to Plotkin for the 1995 tax year.  Except for those two adjustments, the IRS argued that the Tax Court could sustain the levy as to the underlying tax liabilities.

The IRS also asserted that the Appeals Office did not abuse its discretion in sustaining the levy based on its finding that the levy balanced efficient collection with Plotkin's concern that collection be no more intrusive than necessary, *see* Code § 6330(c)(3)(C), because: (1) entries in his case activity record suggested that Plotkin had income beyond his Social Security benefits and potentially could pay some of the balance, and (2) he refused to provide financial information in a collection statement form that might suggest otherwise.

**D.      Tax Court's Summary Judgment Order**

In an order granting partial summary judgment to the IRS and partial summary judgment to Plotkin, the Tax Court sustained the $1.8 million proposed levy with the exception of the following liabilities that the IRS conceded: (1) the $15,073.68 write-off amount that was improperly reinstated, and (2) the liability for the 1995 deficiency amounting to $6,000 (the difference between $66,031 and $60,031 for tax year 1995). The Tax Court also determined that Plotkin's failure to provide a financial statement form meant that he could not request a collection alternative based on income. And the Tax Court concluded that the Appeals Office complied with § 6330(c)(1) and properly verified that all legal and administrative requirements were met.

**E.      Plotkin's Motion for Reconsideration of the Tax Court's Summary Judgment Order**

Plotkin moved for reconsideration on several grounds.

The Tax Court reaffirmed its summary judgment decision except as to the balancing test. Specifically, the Tax Court determined that, in drawing all inferences in Plotkin's favor, it should not have inferred that the reasoning of the Appeals Office regarding the § 6330(c)(3)(C) balancing test hinged solely on Plotkin's failure to provide the requested financial information and not perhaps in part on the possibility that Plotkin received some income beyond Social Security benefits.

The Tax Court thus withdrew the portions of its summary judgment order regarding the balancing test and remanded the

case to the Appeals Office for "clarification and further consideration in order to enable the Court to understand [the IRS's] determinations in the notice of determination with respect to the balancing test." The Tax Court explained that, if the parties agreed that a trial was not needed on this issue, it should advise the Tax Court accordingly.

## F.    Appeals Office Ruling on Remand

On remand, the Appeals Office issued a second supplemental notice of determination sustaining the levy, except for the minor abated amounts. The IRS and Plotkin agreed that Plotkin had not requested a collection alternative. Nonetheless, the IRS on its own attempted to determine if the levy should be stopped based on Plotkin's financial condition. Yet Plotkin again refused to provide his financial information.

The Appeals Office's final notice stated that although the Internal Revenue Manual permitted a taxpayer to be placed in currently-not-collectible status even if he did not submit a collection information statement, that exception did not apply to Plotkin because his balance exceeded $10,000. This notice also explained that because Plotkin denied several requests for a collection information statement, the Appeals Office could not assist him and was left with "no other option" but to sustain the levy.

Specifically, the Appeals Office's final notice explained to Plotkin why his refusal to complete the collection information form foreclosed any collection alternative based on his income:

During the Supplemental Hearing, [the Appeals Office] provided [Plotkin] multiple Internal Revenue Manual (IRM) references, reflecting a completed Form 433-A, Collection Information Statement (CIS) is required to proceed with a resolution as to the proposed levy action by the IRS. There is an exception as indicated in IRM 5.19.17.2.4.1, if the reported income is social security only, however the IRM reference is only in regard to balances due of $10,000 or less the IRS. Therefore, you do not qualify. . . .

Based on this, [the Appeals Office] ha[s] determined due to your refusal to provide a completed Form [] CIS, [the Office is] unable to assist you with a resolution as to the levy action proposed by the IRS. The proposed levy action is sustained.

### G.    Tax Court Post-Remand Trial

After the remand and the Appeals Office's second supplemental notice of determination sustaining the levy, the Tax Court again took up the disputed issue whether the Appeals Office abused its discretion in concluding that the proposed levy balanced the need for the efficient collection of tax with Plotkin's legitimate concern that any collection be no more intrusive than necessary. This required fact-finding regarding whether the Appeals Office's balancing-test determination hinged "independently on [Plotkin's] failure to provide a collection-information statement," or whether its determination also relied on entries in the IRS case activity

24-10667              Opinion of the Court                    9

record suggesting that Plotkin received income other than Social Security, such that he could pay some of his balance.

But then, in a pretrial memorandum, Plotkin represented that "[n]o stipulations are necessary as all of the facts are undisputed." Plotkin did not challenge the $1.8 million judgment less the IRS's abated $15,000 in expired assessments. The Tax Court admitted into evidence the declaration and exhibits of Appeals Officer Lora Davis regarding Plotkin's tax liabilities and case activity records.

On December 16, 2022, the Tax Court held a one-day videoconference trial on the sole issue whether Plotkin's only source of income was social security and, if so, whether the Appeals Office abused its discretion in conducting the balancing test. Plotkin did not attend the trial.

On October 24, 2023, the Tax Court determined that (1) the Appeals Office did not err on remand by not placing Plotkin in currently-not-collectible status because Plotkin refused to submit a collection information statement; (2) the Appeals Office did not err by considering Plotkin's refusal to submit a collection information statement when it was conducting the § 6330(c)(3)(C) balancing test because the Appeals Office had no way to consider Plotkin's financial circumstances; and (3) the original notice of determination, including the abatements from the IRS's two conceded mistakes, should be sustained.

**H.    Plotkin's Motions as to the Tax Court Judge**

Plotkin then moved for the decision to be withdrawn because the Tax Court judge lacked authority to hear the case because his term expired on August 28, 2023, just before the order was entered on October 24, 2023.  Plotkin filed several more motions to this effect, all of which were denied.

Plotkin timely appealed.

## II. STANDARDS OF REVIEW

We review *de novo* the Tax Court's grant of summary judgment, its applications of statutes, and its conclusions of law. *Gregory v. Comm'r*, 69 F.4th 762, 765 (11th Cir. 2023).  We review the facts and apply the same legal standards as the Tax Court. *Roberts v. Comm'r*, 329 F.3d 1224, 1227 (11th Cir. 2003).

## III. DISCUSSION

**A.    The Tax Court Correctly Concluded that the Appeals Office Satisfied § 6330(c)(1)'s Legal and Procedural Requirements**

Plotkin first argues *pro se* that the Appeals Office violated § 6330(c)(1) by failing to verify that all legal and administrative requirements were met based on the assessment's inclusion of "amounts expired and no longer legally collectible."  Plotkin argues that the inclusion of these expired amounts violated statutory requirements and should have resulted in a complete termination of the collection due process hearing because the levy could not be sustained.  We disagree.

Plotkin argues that the mistaken inclusion of $15,073.68 in expired assessments, despite being abated by the IRS and not sustained by the Tax Court, invalidated the entire collection action because the inclusion of those amounts meant that the IRS failed to verify all legal and administrative requirements before issuing the proposed levy.  But these expired assessments were not sustained by the Tax Court as part of Plotkin's liability.  Thus, this does not invalidate the entire collection action involving over $1.8 million in over 30-year-old tax liabilities.  This Court affirmed the Tax Court's determination of Plotkin's tax liabilities in 2012. *See Plotkin*, 498 F. App'x at 955, 961.  Once the IRS discovered its mistake, the IRS conceded that these amounts were improperly reinstated and abated that amount plus accrued interest.  As a result, the Tax Court sustained the collection by levy of only the remaining amount, which Plotkin undisputedly owes.

On remand, the IRS issued a second supplemental notice of determination, which included *only* the appropriate amounts as ordered by the Tax Court after the IRS conceded its mistake. *See Kelby v. Comm'r*, 130 T.C. 79, 86 (2008) (explaining that, when "a case is remanded to [the Appeals Office] and supplemental determinations are issued, the position of the Commissioner that we review is the position taken in the last supplemental determination").  Because the original notice was not so deficient as to be jurisdictionally invalid, the second supplemental notice, which was sustained by the Tax Court, adequately cured the IRS's conceded mistakes. *See Ginsberg v. Comm'r*, 130 T.C. 88, 92 (2008); *see also John C. Hom & Assocs., Inc. v. Comm'r*, 140 T.C. 210, 213

(2013) ("Mistakes in a notice will not invalidate it if there is no prejudice to the taxpayer."). We thus reject Plotkin's argument that none of his tax liabilities can be collected because of the initial erroneous reinstatement of the $15,073.68 amount.

Insofar as Plotkin argues that the Appeals Office failed to satisfy the statutory verification requirement in § 6330(c)(1), we also disagree. Plotkin relies on the Tax Court's decision in *Medical Practice Solutions v. Commissioner* to assert that an error in the verification prohibits the collection action from proceeding. 98 T.C.M. (CCH) 242, at *5 (2009). But in *Medical Practice Solutions*, the Tax Court concluded that the hearing record failed to establish that all requirements were met and remanded the case to the Appeals Office to complete the verification process, which it did. *See id.* at *8. Notably, the Tax Court did not invalidate the collection action. *See id.*

In sum, the Tax Court correctly sustained only the tax assessment less the erroneous amount that the IRS abated, and on remand, the Appeals Office's second supplemental notice of determination correctly excluded that erroneous amount. Further, the erroneous amount's initial inclusion does not constitute an irregularity that rebuts the presumption that an account transcript provides proper verification under § 6330(c)(1).

## B. The Tax Court Did Not Err in Determining that the Levy Satisfied § 6330(c)(3)(C)'s Balancing Test

Plotkin argues that the Appeals Office abused its discretion by basing its determination—that the levy satisfied

§ 6330(c)(3)(C)'s balancing test—on his failure to provide a collection information statement containing his financial information. Plotkin asserts that he is only required to submit a collection information statement if he requests a collection alternative of currently-not-collectible status, which he did not request. As a result, he argues, the Appeals Office improperly considered an issue that he did not raise.

Section 6330(c)(3) provides that "[i]n the case of *any* hearing conducted under this section," the appeals officer's determination "*shall* take into consideration," among other things, "whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection action be no more intrusive than necessary." 26 U.S.C. § 6330(c)(3)(C) (emphases added). This requirement is known as the "§ 6330(c)(3)(C) balancing test."

Here, the Tax Court correctly determined that the Appeals Office did not abuse its discretion in determining that § 6330(c)(3)(C)'s balancing test was satisfied because (1) Plotkin never asked the Appeals Office or Tax Court to consider a collection alternative based on his financial status or even (2) submitted any financial information from which the Appeals Office could have conducted the required balancing test differently than it did. Plotkin admits that he never requested a collection alternative and does not dispute that he submitted no financial information for the Appeals Office's consideration.

Even so, the Appeals Office considered whether Plotkin should be placed in currently-not-collectible status and determined that he did not qualify for that status in the light of his repeated refusal to submit the necessary financial information and his failure to meet the criteria for an exception based on the size of the balance due. As such, it cannot be said that the Appeals Office abused its discretion by concluding that the balancing test was satisfied. *See, e.g., Sapp v. Comm'r*, 91 T.C.M. (CCH) 1177, at *9 (2006) (concluding that there was no abuse of discretion in failing to consider collection alternatives in sustaining a levy where the petitioner ignored requests for a collection information statement); *Cosio v. Comm'r*, 123 T.C.M. 1109, at *5 (2022) (finding no abuse of discretion in the appeals officer's concluding that the balancing test was satisfied after the petitioners failed to respond to requests for financial information).

## C. Plotkin's Due Process and Jurisdiction Arguments Regarding the Tax Court Judge Lack Merit

Plotkin challenges the Tax Court judge directly on two bases: (1) that the Tax Court judge intended to deny him due process by misinterpreting his argument and by having "no intention of presiding over this case in an impartial and unbiased manner," and (2) that the Tax Court lacked jurisdiction because the judge's term expired before the proceedings concluded. We disagree with both of Plotkin's arguments.

First, Plotkin fails to establish that the Tax Court judge denied him due process. We are satisfied that the record reveals

the Tax Court judge properly reviewed both the Appeals Office's verification of the tax liabilities, as discussed above, as well as the amounts included in Plotkin's tax liabilities, as shown by the Tax Court sustaining the levy but expressly excluding the written-off amounts that were erroneously reinstated. Thus, in both events, Plotkin establishes no error or bias in the judge's rulings.

Second, Plotkin's challenge to the jurisdiction of the Tax Court lacks merit. The Tax Court judge's term of active service expired on August 28, 2023, and Congress authorized the chief judge of the Tax Court to recall a judge whose term has expired "to perform such judicial duties with the Tax Court as may be requested." Code § 7447(c). Because a "recalled" or "senior" judge is empowered with the same authority as "a judge of the Tax Court," Plotkin identifies no jurisdictional or other defect in the authority of the Tax Court to adjudicate his case. *Id.*; *see also Byers v. Comm'r*, 740 F.3d 668, 679 (D.C. Cir. 2014) (concluding that Congress's statutory authorization of senior Tax Court judges was "plainly constitutional").[2]

## IV. CONCLUSION

We affirm the decision of the Tax Court sustaining the IRS's notice of intent to levy to collect Plotkin's unpaid federal income tax liabilities totaling approximately $1.8 million for tax years 1991 to 1995.

---

[2] Plotkin's brief makes other arguments, but none have merit and none warrant further discussion.

16    Opinion of the Court    24-10667

**AFFIRMED.**