# United States Tax Court

T.C. Memo. 2025-64

STEVEN J. SCHWARTZ,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket No. 25213-21L.                          Filed June 16, 2025.

————

*Stephen P. Kauffman* and *Terry L. Goddard, Jr.*, for petitioner.

*Jim Liang*, *Victoria E. Cvek*, and *Nancy M. Gilmore*, for respondent.

## MEMORANDUM OPINION

URDA, *Chief Judge*: In this collection due process (CDP) case petitioner, Steven J. Schwartz, seeks review pursuant to section 6330(d)(1)[1] of a determination by the Internal Revenue Service (IRS) Independent Office of Appeals (Appeals Office) upholding notices of intent to levy with respect to his and his wife's unpaid federal income tax liabilities for their 2013 through 2015 tax years. Dr. Schwartz argues that the Appeals officer assigned to his case abused his discretion by rejecting Dr. Schwartz's proposed collection alternative and sustaining the levy notices.

The Commissioner moved for summary judgment, asserting that the undisputed facts establish that Dr. Schwartz did not qualify for a collection alternative for multiple independent reasons, including

---

[1] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C. (I.R.C.), in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure. All amounts have been rounded to the nearest dollar.

[*2] noncompliance with estimated tax payments, failure to disclose an account necessary to calculate his ability to pay, and significant equity in real property. We will grant the Commissioner's motion.

*Background*

The following facts are derived from the petition, the exhibits attached to the declaration supporting summary judgment, the administrative record of the CDP hearing, and the other filings in this case. Dr. Schwartz lived in Maryland when he timely petitioned this Court.

I.     *Dr. Schwartz's Tax Liabilities*

Dr. Schwartz and his wife filed federal income tax returns for their 2013–15 tax years. The IRS thereafter issued a notice of deficiency for these years, which the Schwartzes challenged in this Court. *See* Petition, *Schwartz v. Commissioner*, No. 18538-17 (T.C. Aug. 31, 2017) (Doc. 1). We ultimately entered a stipulated decision in the amounts determined in the notice of deficiency but granted Mrs. Schwartz relief from liability under section 6015(b). *See* Decision, *Schwartz v. Commissioner*, No. 18538-17 (T.C. Sept. 17, 2017) (Doc. 14). As of July 8, 2019, Dr. Schwartz's tax liabilities totaled $331,472.

II.     *Collection Activities*

A.     *Initial CDP Hearing*

As part of its efforts to collect Dr. Schwartz's unpaid 2013–15 liabilities, the IRS issued a notice of intent to levy with respect to each year. Through counsel (who represented Dr. Schwartz throughout these proceedings), Dr. Schwartz filed a timely request for a CDP hearing, checking the boxes for "Installment Agreement," "Offer in Compromise," and "I Cannot Pay Balance."

As the country grappled with the COVID-19 pandemic during 2020 and 2021, Dr. Schwartz's CDP request bounced between several Appeals officers. These Appeals officers generally requested documentation including Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, Dr. Schwartz's 2018 and 2019 income tax returns, and, on at least two occasions, proof of estimated tax payments. Over the course of his dealings with the various Appeals officers, Dr. Schwartz provided, and then updated, his Form 433-A and supporting documentation, as well as his tax returns.

[*3]   Dr. Schwartz also proposed an installment agreement with a monthly payment of $1,500.  Although Dr. Schwartz had several calls with the then-assigned Appeals officer beginning in June 2021 to discuss this offer, they were unable to find common ground.  The Appeals Office accordingly issued a notice of determination rejecting the installment agreement offer (of $1,500 per month) and sustaining the proposed levy on September 13, 2021.

B.    *Tax Court Proceedings and Supplemental CDP Hearing*

Dr. Schwartz timely filed a petition in this Court challenging the notice of determination.  We later remanded this case to the Appeals Office to "properly explain the reasoning underlying the notice of determination."  In our order remanding this case, we raised concerns regarding the opaqueness of the Appeals officer's gross income calculation, questioned the relevance of Mrs. Schwartz's income, and expressed doubts about the disallowance of expenses.

On remand a newly assigned Appeals officer scheduled a CDP hearing for May 9, 2023, particularly geared to addressing the Court's concerns.  In his scheduling letter, the Appeals officer requested that Dr. Schwartz provide, inter alia, proof that he was current with estimated tax payments, any updates to the Form 433-A, and a variety of financial information from the preceding three months such as bank account information and substantiation in support of Dr. Schwartz's claim that his son required private schooling to address learning disabilities.

In the lead-up to the hearing, Dr. Schwartz produced his 2020 federal income tax return, as well as documentation that he had filed his 2021 return and sought an extension for his 2022 return.  He also submitted assorted financial documents and explanations of his expenses.  He further committed to providing an updated Form 433-A shortly after the CDP hearing, noting that there had been a few material changes.

The CDP hearing proceeded as scheduled.  Dr. Schwartz expressed his desire to resolve the proceedings by means of an installment agreement, which he planned to submit with the updated Form 433-A.  The Appeals officer accordingly gave Dr. Schwartz an opportunity to provide any further information that he wanted to be considered.

Three days after the hearing, Dr. Schwartz submitted Form 433-A with a supplemental schedule and a few more supporting

[*4] documents. In his cover letter, Dr. Schwartz reiterated his request for an installment agreement of $1,500 per month.

Armed with this information and the IRS's own records, the Appeals officer set to work. He first determined that Dr. Schwartz was not in payment compliance with his estimated tax obligations and thus ineligible for an installment agreement. Relying on Dr. Schwartz's claimed monthly wages and tax withholdings, the Appeals officer concluded that Dr. Schwartz would have a shortfall in his tax of approximately $55,877.

This was not the only issue that the Appeals officer identified. He also noted equity of $491,241 in the Schwartzes' primary residence, which he thought should be used to substantially satisfy the liability before any installment agreement. Finally, the Appeals officer detected significant payments into a retirement account and believed that Dr. Schwartz had failed to report the correct value of his retirement holdings. The Appeals officer observed that the failure to disclose the correct value of retirement accounts frustrated his ability to accurately determine Dr. Schwartz's ability to pay. He nonetheless elected not to request a statement for this account because he believed that both the estimated tax issue and the equity in the Schwartzes' residence precluded an installment agreement.

The Appeals Office thereafter issued a supplemental notice of determination denying the requested installment agreement and sustaining the proposed levy. The supplemental notice of determination based its denial on (1) Dr. Schwartz's noncompliance with his 2022 and 2023 estimated tax obligations; (2) the existence of significant equity in Dr. Schwartz's house, which could be used to make a substantial payment toward his tax liability; and (3) Dr. Schwartz's failure to properly disclose the fair market value of a retirement account, which precluded a proper calculation of his ability to pay. The supplemental notice of determination also addressed the various outstanding issues identified by the Court in its original remand order.

*Discussion*

I.    *General Principles*

    A.    *Summary Judgment*

The purpose of summary judgment is to expedite litigation and avoid costly, time-consuming, and unnecessary trials. *Fla. Peach Corp.*

**[\*5]** *v. Commissioner*, 90 T.C. 678, 681 (1988). Under Rule 121(a)(2), the Court may grant summary judgment when there is no genuine dispute as to any material fact and a decision may be rendered as a matter of law. *Sundstrand Corp. v. Commissioner*, 98 T.C. 518, 520 (1992), *aff'd*, 17 F.3d 965 (7th Cir. 1994). In deciding whether to grant summary judgment, we construe factual materials and inferences drawn from them in the light most favorable to the nonmoving party. *Id.* However, the nonmoving party may not rest upon the mere allegations or denials of his pleadings but instead must set forth specific facts showing that there is a genuine dispute for trial. Rule 121(d); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

We conclude that the Appeals officer's sustaining the proposed levy is supported by the administrative record and was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law. Accordingly, this case is ripe for summary adjudication.

### B. *Standard of Review*

We have jurisdiction to review the Appeals Office's determination pursuant to section 6330(d)(1). Where, as here, the validity of the underlying tax liability is not at issue, we review the determination for abuse of discretion. *Sego v. Commissioner*, 114 T.C. 604, 610 (2000); *Goza v. Commissioner*, 114 T.C. 176, 182 (2000). Abuse of discretion exists where a determination is arbitrary, capricious, or without sound basis in fact or law. *See, e.g.*, *Murphy v. Commissioner*, 125 T.C. 301, 320 (2005), *aff'd*, 469 F.3d 27 (1st Cir. 2006); *Taylor v. Commissioner*, T.C. Memo. 2009-27. When we remand a case to the Appeals Office and it returns to us after a supplemental determination is issued, we review the supplemental notice of determination. *Hoyle v. Commissioner*, 136 T.C. 463, 467–68 (2011), *supplementing* 131 T.C. 197 (2008); *Kelby v. Commissioner*, 130 T.C. 79, 86 (2008).

## II. *Abuse of Discretion*

In determining whether the Appeals Office abused its discretion, we consider whether the Appeals officer (1) properly verified that the requirements of applicable law or administrative procedure have been met, (2) considered any relevant issues Dr. Schwartz raised, and (3) weighed "whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of [Dr. Schwartz] that any collection action be no more intrusive than

[*6] necessary." *See* I.R.C. § 6330(c)(3). Our review of the record establishes that the Appeals officer satisfied all the requirements.

### A. *Verification*

We have authority to review satisfaction of the verification requirement regardless of whether the taxpayer raised that issue at the CDP hearing. *See Hoyle*, 131 T.C. at 200–03. Dr. Schwartz has not challenged the satisfaction of the verification requirement, and we conclude from the record that the Appeals officer conducted a thorough review of Dr. Schwartz's account transcripts and verified that all applicable requirements were met. *See* Rule 331(b)(4) ("Any issue not raised in the assignments of error shall be deemed to be conceded."); Rule 121(d).

### B. *Issue Raised*

The sole issue Dr. Schwartz raised in the Appeals Office and before this Court is his entitlement to an installment agreement of $1,500. Dr. Schwartz argues that genuine issues of material fact exist as to whether the Appeals officer abused his discretion in sustaining the collection action in the supplemental notice of determination and denying the proposed installment agreement. To the contrary, the undisputed facts before us establish that there was no abuse of discretion.

Although the supplemental notice of determination gave three independent reasons in support of the Appeals officer's ultimate conclusion, we need go no further than the first, i.e., Dr. Schwartz's lack of compliance with his estimated tax obligations. An Appeals officer does not abuse his discretion by rejecting collection alternatives when a taxpayer is not in compliance with estimated tax obligations. *Giamelli v. Commissioner*, 129 T.C. 107, 111–12 (2007); *Hartmann v. Commissioner*, T.C. Memo. 2024-46, at *16 ("A taxpayer's failure to make estimated tax payments, standing alone, is sufficient to justify an Appeals officer's rejection of an [installment agreement] . . . ."), *aff'd*, No. 24-2289, 2025 WL 213765 (3d Cir. Jan. 16, 2025); *Ransom v. Commissioner*, T.C. Memo. 2018-211, at *9, *aff'd*, 784 F. App'x 800 (D.C. Cir. 2019). Requiring such compliance "ensures that current taxes are paid and avoids 'the risk of pyramiding liability.'" *Northside Carting, Inc. v. Commissioner*, T.C. Memo. 2020-18, at *17 (quoting *Hull v. Commissioner*, T.C. Memo. 2015-86, at *15).

[*7]   As the Appeals officer noted, Dr. Schwartz was not in compliance with his estimated tax obligations for 2022 or 2023, part of a pattern of significant underwithholding of tax stretching back to at least 2017.  Dr. Schwartz does not assert that he was in compliance with his estimated tax obligations.  He instead offers a strained and tendentious reading of the Internal Revenue Manual that would require the Appeals officer to grant Dr. Schwartz an installment agreement that included the delinquent estimated tax payments.

We have repeatedly rejected the argument Dr. Schwartz urges here.  *See, e.g.*, *Scanlon v. Commissioner*, T.C. Memo. 2018-51, at *20–21; *Boulware v. Commissioner*, T.C. Memo. 2014-80, at *21–23, *aff'd*, 816 F.3d 133 (D.C. Cir. 2016).  Of course, the Internal Revenue Manual does not require an Appeals officer to include estimated taxes in an installment agreement, and, even if it did, it "does not confer rights on taxpayers." *Fargo v. Commissioner*, 447 F.3d 706, 713 (9th Cir. 2006), *aff'g* T.C. Memo. 2004-13.  Although the Appeals officer "*could have* granted [Dr. Schwartz] an installment agreement that included [his] delinquent estimated tax payments . . . [he] committed no abuse of discretion in not doing so and in rejecting [the] proposed installment agreement on the basis that [he was] not in payment compliance." *See Scanlon*, T.C. Memo. 2018-51, at *20–21; *Boulware*, T.C. Memo. 2014-80, at *22–23.

### C.    *Balancing*

In his petition Dr. Schwartz sought remand for consideration of whether the proposed collection action balances the need for the efficient collection of taxes with his legitimate concern that any collection action be no more intrusive than necessary.  *See* I.R.C. § 6330(c)(3)(C).  The Appeals officer expressly concluded in the supplemental notice of determination that the proposed levy appropriately balanced these competing concerns.  Given Dr. Schwartz's failure to respect his estimated tax obligations (and his long pattern of flouting the payment of his proper tax liability), we see no basis in the record for disturbing the Appeals officer's conclusion in this regard.

### III.   *Conclusion*

Finding no abuse of discretion in the Appeals officer's decisions, we will grant summary judgment for the Commissioner and affirm the Appeals officer's determination to sustain the levy action.

**[\*8]**   To reflect the foregoing,

*An appropriate order and decision will be entered.*